**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: Oral Phenylephrine Marketing and Sales Practices Litigation** | **MDL DOCKET NO. 3089** |

**INTERESTED PARTY RESPONSE IN SUPPORT OF TRANSFER AND
COORDINATION IN THE EASTERN DISTRICT OF LOUISIANA**

Plaintiffs Kamonica Cathy Kleiman and Sharon Rourk (collectively "Plaintiffs") submit this interested party response to the Motion for Transfer of Actions for Coordinated or Consolidated Pretrial Proceedings by Counsel for Movants (Dkt. No. 1) filed pursuant to 28 U.S.C. § 1407. Plaintiffs support Counsel for Plaintiffs Coppock and Baughman's Interested Party Response. Dkt. No. 29. For the reasons set forth in this Motion, Plaintiffs support coordination or consolidation under 28 U.S.C. § 1407, but respectfully submit that the U.S. District Court for the District of Eastern District of Louisiana before the Honorable Judge Eldon E. Fallon is a more appropriate and convenient district.

I.      **INTRODUCTION**

1.      On September 11 and 12, 2023, the U.S. Food and Drug Administration ("FDA") held a Nonprescription Drug Advisory Committee meeting and after careful study and consideration, announced publicly that phenylephrine is ineffective as a treatment for cold and flu symptoms.[1] Phenylephrine is found in many of the most common over the counter cold and flu medications, including Sudafed PE Sinus Congestion, Vicks DayQuil and NyQuil Severe Cold

---

[1] https://www.fda.gov/media/171917/download

and Flu, Benadryl Allergy D Plus Sinus, Mucinex Sinus-Max, Robitussin Peak Cold Nighttime Nasal Relief, and Theraflu. According to the FDA review, 242 million packages or bottles of phenylephrine products were sold in 2022, resulting in nearly $1.8 billion in sales.[2]

Counsel for Movants seek to centralize 13[3] putative class actions arising out of the efficacy and sale of the decongestant products containing phenylephrine, filed in the following jurisdictions: District of New Jersey, Eastern District of California, Eastern District of Louisiana, Northern District of Florida, Central District of California, Eastern District of New York, Middle District of Florida, District Court of Minnesota, and the Northern District of Illinois.

Plaintiffs in these putative class actions allege that they purchased orally administered phenylephrine-containing products to relieve symptoms of nasal decongestion, and that they purportedly suffered economic injury because phenylephrine is ineffective as a nasal decongestant. These putative class actions primarily allege violations of various state consumer protection laws, breach of contract, breach of express and implied warranties, negligence, negligent misrepresentation, strict product liability for misrepresentation, unfair business practices, fraud, fraudulent misrepresentation, and unjust enrichment, among other claims. Due to the recentness of the FDA Panel's meeting, it is likely that hundreds, if not thousands of additional complaints will be filed.

Accordingly, pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs in the case styled *Kleiman v. Bayer Health Care, LLC* 2:23-cv-20480 (D.N.J) and *Rourk v. Haleon, PLC,* 3:23-cv-20478 (D.N.J.) ("Movants"), respectfully move the Judicial Panel on Multidistrict Litigation for an Order

---

[2] https://www.medscape.com/viewarticle/996369#:~:text=The%20vote%20that%20formally%20declared,and%20based%20on%20outdated%20technology.
[3] Counsel for Movants listed 13 actions in their motion to transfer. (ECF No. 1.)

transferring the cases listed in the Schedule of Actions filed concurrently herewith (collectively "the Actions"), as well as any tag-along cases subsequently filed involving similar facts or claims, to the U.S. District Court for the Eastern District of Louisiana before the Honorable Eldon E. Fallon for coordinated or consolidated proceedings.

No formal or informal coordination with counsel for any of the Defendants has yet taken place.

## I.    LEGAL STANDARD

The Panel has emphasized that "'centralization under Section 1407 should be the last solution after considered review of all other options.'" *In re Six Flags Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 289 F. Supp. 3d 1343, 1344 (J.P.M.L. 2018) (citation omitted). Transfer and consolidation are proper if actions pending in different federal district courts involve similar questions of fact to the extent that consolidating pretrial proceedings would "be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

## II.    ARGUMENT

These Actions, and the tag-along actions that follow, are appropriate for transfer pursuant to 28 U.S.C. § 1407(a) because they involve many common questions of fact and transfer will benefit the parties and the court system as a whole. Further, given the strong factual connection to the Eastern District of Louisiana and its accessible location, transfer to that district is most appropriate.

### A.  These Actions are Appropriate for Transfer and Coordination pursuant to 28 U.S.C. § 1407(a).

1.    <u>These Actions Involve Common Questions of Fact.</u>

Section 1407 requires that for centralization to be appropriate, the cases must share "one or more common questions of fact."  In assessing whether consolidation is appropriate under section 1407, the Panel looks to the pleadings. The complaints in these cases clearly present common questions of fact. Each complaint is based on allegations of Defendant's wrongful conduct in connection with the marketing, distribution and sale of products containing phenylephrine. Common questions of fact include, *inter alia*, whether Defendant's Drugs are defective, whether Defendant knew or should have known that the Drugs were defective and whether Defendant wrongfully represented that their Drugs are operable. In addition, the complaints allege similar legal theories and seek certification of very similar classes and/or subclasses. For example, the first-filed *Pack and Jung* Case (pending in the Eastern District of California), seeks certification of a state-wide class as well as a nationwide class defined as:

> During the fullest period allowed by law, all persons within the United States who purchased the Phenylephrine Products, or any of them, at any time and at any location (the "Class"). *See Pack* Compl. ¶ 29.

All pending class cases seek certification of a nearly identically defined class.

Moreover, the existence of such common questions strongly supports the motions for MDL treatment and the transfer of cases to the MDL court for coordinated proceedings. *See, e.g., In re Proton-Pump Inhibitor Prods. Liab. Litig*. (No. II), 261 F. Supp. 3d 1351, 1354 (J.P.M.L. 2017) (granting MDL treatment where constituent cases presented common questions of fact, even though they involved multiple defendants and multiple products and all cases did not involve all defendants); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig*., 2000 U.S. Dist. LEXIS 14901, at *2 (J.P.M.L. Oct. 10, 2000) ("the Panel finds that the actions in this litigation involve common questions of fact concerning i) whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users, the federal

government or the public, and ii) whether plaintiffs sustained drinking water contamination as a result of MTBE contamination").

      2.     <u>Transfer and Coordination Serves Not Only the "Convenience of the Parties and Witnesses," but also "Promote(s) the Just and Efficient Conduct of the Action."</u>

Here, transfer for coordinated proceedings would serve the convenience of the parties and witnesses and promote the efficient conduct of these cases. Without such coordination, the parties and the courts would waste time and resources engaging in repetitive pretrial discovery and motion practice concerning, *e.g.*, personal jurisdiction, class certification, primary jurisdiction, *Daubert* issues, and medical monitoring issues, as well as the viability of other legal theories asserted in many the Actions. This would not only be inefficient but would subject the parties to the risk of conflicting rulings issued by different district courts.

This is an important consideration for the Panel because transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery . . . and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *In re Resource Exploration Inc. Sec. Litig.,* 483 F. Supp. 817, 821 (J.P.M.L. 1980). Thus, similar to *In re EI du Pont de Nemours and Co. C-8 Personal Injury Litigation*, "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." 939 F. Supp. 2d at 1374. *Accord, e.g., In re Proton-Pump Inhibitor Products Liability Litigation* (No. II), 261 F. Supp. at 1354 ("Centralization will facilitate a uniform and efficient pretrial approach to this litigation, eliminate duplicative discovery, prevent inconsistent rulings on *Daubert* and other pretrial issues, and conserve the resources of the parties, their counsel, and the judiciary."); *In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.* (No. II), 997 F. Supp.

2d 1354, 1357 (J.P.M.L. 2014) ("Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (in particular with respect to class certification and Daubert issues), and conserve the resources of the parties, their counsel and the judiciary."). This includes reducing the cost of document review platforms and depositions for third party witnesses as much as party witnesses.  Consolidation of the cases will permit the parties to coordinate their efforts in a single proceeding, therefore promoting efficiency and preserving parties' and judicial resources.

Additionally, consolidation decreases the likelihood of inconsistent ruling on pretrial issues because of the possible *res judicata* or collateral estoppel effects on other cases. *See In re Enron Sec. Derivative & ERISA Litig*., 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification); *see also In re Multidistrict Private Civ. Treble Damages Litig.*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968) (stating the purpose of multidistrict litigation is to ""eliminate the potential for contemporaneous pretrial rulings by coordinating district and appellate courts in multidistrict related civil actions.").

 Lastly, there will inevitably be duplication in discovery and other pretrial matters, potentially inconsistent pretrial rulings (including with to *Daubert* challenges and class certification motions), and duplication of work for the parties, counsel, and courts. Formal coordination, whereby a Plaintiffs' Steering Committee is appointed, will alleviate many of these concerns. *See In re: Cooper Tire & Rubber Co. Tires Prods. Liab. Litig*., 2001 WL 253115, at *1 (J.P.M.L. Feb. 23, 2001) (centralization under Section 1407 granted where "[m]otion practice and relevant discovery will overlap substantially in each action."); *In re: Cuisinart Food Processor Antitrust Litig*., 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant

overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities").

**B. This Panel Should Transfer the Related Actions to the Eastern District of Louisiana Before The Honorable Eldon E. Fallon.**

The selection of an appropriate transferee court is based on a balancing test of several factors, none of which is dispositive. *See* Manual of Complex Litigation (Fourth) § 20.131 (2004) (citing Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214-15 (1977). These factors include: the convenience of the parties; the location of the witnesses and evidence; the minimization of cost and inconvenience to the parties the experience, skill and caseloads of the available judges; and the number of cases pending in the jurisdiction. *See In re: Preferential Drugs Prods. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977); *In re: Tri-State Crematory Litig.*, 206 F. Supp. 1376, 1378 (J.P.M.L. 2002).

Based upon these factors, the Eastern District of Louisiana is the most appropriate and convenient transferee venue for this litigation. The Eastern District of Louisiana also has the infrastructure to easily accommodate out-of-town lawyers, parties, and witnesses. There is currently no common site of occurrence because the many Defendants are headquartered in different states, such as New Jersey, Ohio, Pennsylvania, Illinois, Minnesota, Idaho, Washington, and Kansas. However, Defendants maintain a significant business presence in Louisiana. Conducting litigation in this district would not impose undue hardship on the Defendants.

Further, the Honorable Eldon E. Fallon in the Eastern District Court of Louisiana currently oversees the following MDLs which reached settlement in 2019: *See In re: Chinese-Manufactured Drywall Prods. Liab. Litig.*, 626 F.Supp.2d 1346 (J.P.M.L. 2009) (MDL 2047); *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F.Supp.2d 1402 (J.P.M.L. 2014) (MDL 2592). Judge Fallon

has also presided over one of the largest and most complex MDLs in history. *See, e.g., In re: Vioxx Prods. Liab. Litig*., 360 F.Supp.2d 1352 (J.P.M.L. 2005) (MDL 1657).

The MDL panel may also consider the support of other parties in determining which jurisdiction is the best transferee court. *In re SFBC Int'l, Inc., Sec. & Derivative Litig*., 435 F. Supp. 2d 1355, 1356 (J.P.M.L. 2006) (relying on the fact that the transferee district was "the preferred transferee forum of several responding parties" in deciding to transfer the MDL to that district). Here, counsel in the *Baughman*[4] case, counsel for the *Coppock* case[5], and counsel for Plaintiffs Kleiman and Rourk, all join support of the transfer of these Actions to the Eastern District of Louisiana before Judge Fallon.

As such, the Eastern District of Louisiana is most convenient for the parties - Defendants all have a heavy business presence there. Judge Eldon E. Fallon is an extremely skilled district judge and the Eastern District of Louisiana possesses significant expertise in handling cases of this nature. Judge Fallon has over two decades of experience and has relevant experience in multidistrict litigation, including class action litigation. Lastly, as of June 30, 2023, the Eastern District of Louisiana had an average of 450 pending civil cases per judgeship – over 3,000 less than New Jersey (3,732 pending civil cases per judgeship).[6]

Here, Plaintiffs' counsel in the *Kleiman* and *Rourk* Actions joins counsel in the *Coppock* and *Baughman* Actions in support of transfer of the Actions to the Eastern District of Louisiana. Accordingly, this factor also supports transfer to the Eastern District of Louisiana.

## C. CONCLUSION

---

[4] *Baughman v. Johnson & Johnson Consumer Companies, Inc*., Case No. 2:23-cv-07737 (C.D. Cal.).
[5] *Coppock v. Procter & Gamble et al*., Case No. 2:23-cv-05353 (E.D. La.)
[6] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf

For the reasons stated above, Movant respectfully requests an Order transferring all cases relating to the Phenylephrine Litigation Actions to the Eastern District of Louisiana before Judge Eldon E. Fallon.

Dated: October 11, 2023                    Respectfully Submitted,

                                           */s/Paul J. Doolittle*
                                           Paul J. Doolittle
                                           Roy T. Willey, IV
                                           Blake G. Abbott
                                           **POULIN | WILLEY**
                                           **ANASTOPOULO, LLC**
                                           32 Ann Street
                                           Charleston, SC 29403
                                           Tel: (803) 222-2222
                                           Email: paul.doolittle@poulinwilley.com
                                                   roy@poulinwilley.com
                                                   blake.abbott@poulinwilley.com