BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION | MDL No. 3089 |

**INTERESTED PARTY RESPONSE OF PLAINTIFFS RACHEL PARKER, RICHARD SCOFFIER, ARCHANATEP BOONPARN, AND HARDOLY NYANJOM IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to Rule 6.2(e) of the Rules of Procedure for the Judicial Panel of Multidistrict Litigation ("Panel"), the following Plaintiffs respectfully submit this Response to the Motion to Transfer (ECF 1): (i) Plaintiff Rachel Parker, Case No. 2:23-cv-03633 (E.D. Pa.) (Scott, J.); (ii) Plaintiff Richard Scoffier, Case No. 2:23-cv-20529 (D.N.J.) (Almonte, J.), (iii) Plaintiff Archanatep Boonparn, Case No. 1:23-cv-6936 (E.D.N.Y.) (Chen, J.); and (iv) Plaintiff Harold Nyanjom, Case No. 2:23-cv-02426 (D. Kan.) (Teeter, J.).

*Support of Transfer.* Plaintiffs Parker, Scoffier, Boonparn, and Nyanjom agree with the Motion to transfer, and support coordination or consolidation of all actions pursuant 28 U.S.C. § 1407. Plaintiffs will not belabor the key points favoring centralization, other than to reiterate that all pending related cases involve common questions of fact; that the most common questions center on the ineffectiveness of oral phenylephrine to treat nasal decongestion; that the pending actions involve many common and overlapping questions of law; and that this Panel has centralized similar drug efficacy or contamination cases many times, including several times in the last few years alone.[1] This includes matters involving multiple manufacturers and sellers, as

---

[1] *See, e.g.*, *In re Acetaminophen – ASD/ADHD Products Liab. Litig.*, MDL No. 3043 (over-the-counter acetaminophen products); *In re Chantix (Varenicline) Marketing, Sales Practices & Prods. Liab. Litig. (No. II)*, MDL No. 3050

1

is the situation here.[2]

There also is no question that centralized proceedings will conserve the parties' and judicial time and resources. There already are dozens of overlapping matters strewn across the country, naming different combinations of defendant manufacturers and retail sellers. Centralization will permit all cases to be overseen in a singular, efficient manner that will avoid conflicting results and wasted judicial resources.

**Support for the Eastern District of Pennsylvania.** Plaintiffs support the Eastern District of Pennsylvania as an appropriate forum for centralization. Many defendants in in the related cases are incorporated or headquartered in the Northeastern United States, and in the Delaware Valley specifically. To name but a few, these include Rite-Aid Corporation, Haleon f/k/a GSK Consumer Healthcare, Reckitt Benckiser US Health LLC, Bayer Corp., and others.

Plaintiff Parker's case was the first-filed case in the Eastern District of Pennsylvania, and was assigned to the Hon. Kai Niambi Scott. Judge Scott, who is not overseeing any MDL currently, is an able jurist well-situated to oversee the actions. All of the MDLs currently pending in the Eastern District of Pennsylvania save for one (MDL No. 3074) are quite mature and have largely wound down or are winding down.

While Plaintiffs do not disagree with the Motion to Transfer that the District of New Jersey makes geographic sense given multiple defendants' connections to the Northeastern United States, a number of very large and active MDLs already are pending in the District of New Jersey, including the *Talcum Powder* litigation (MDL No. 2738), the *Valsartan* litigation (MDL No.

---

(prescription drug); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924 (prescription and over-the-counter drugs); *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, MDL No. 2875) (prescription drugs); *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545 (prescription drugs).

[2] *See, e.g.*, *In re Acetaminophen – ASD/ADHD Products Liab. Litig.*, MDL No. 3043 (multiple defendant retail sellers); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924 (multiple defendant manufacturers and retail sellers); *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, MDL No. 2875) (multiple defendant manufacturers, wholesalers, and retail sellers).

2875), the *Breast Implant* litigation (MDL No. 2921), and most recently the *Insulin Pricing* litigation (MDL No. 3080).  The Eastern District of Pennsylvania also compares favorably to the District of New Jersey in terms of the Federal Judicial Center's most recent caseload statistics.[3]  All of the usual convenience-of-travel considerations also weigh in favor of the Eastern District of Pennsylvania (i.e., Philadelphia).

***Alternatively, Support for the Eastern District of New York.***  In the alternative to the Eastern District of Pennsylvania, Plaintiffs alternatively support the Eastern District of New York.  Aside from being where multiple related actions already have been filed (including Plaintiff Boonparn's action, No. 1:23-cv-6936 (E.D.N.Y.), which is assigned to the Hon. Pamela K. Chen), and aside from being very proximate to multiple defendants' operations in the Northeast, the manufacturer of the phenylephrine ingredient in several defendants' products at issue is located in Happauge, New York,[4] which is within the Eastern District of New York.  The Eastern District of New York's MDL caseload and overall case statistics also compare favorable to those for the District of New Jersey.[5]

Dated: October 25, 2023

                                               */s/ Ruben Honik*
                                               Ruben Honik
                                               **Honik LLC**

---

[3] For example, there are 63,445 pending cases in the District of New Jersey, as opposed to 8,155 in the Eastern Ditrict of Pennsylvania.  *See* FEDERAL COURT MANAGEMENT STATISTICS, COMBINED CIVIL AND CRIMINAL FEDERAL COURT MANAGEMENT STATISTICS (June 30, 2023), *at* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/06/30-3.

[4] CVS, Walgreens, and Walmart, for instance—each of which is a defendant in various related pending actions—each sold their own brand of oral phenylephrine drugs, each of which sourced phenylephrine manufactured by LNK International, Inc.  *See* https://www.accessdata.fda.gov/spl/data/67e76c15-dc4d-4b80-a1e9-233c82d9c6f1/67e76c15-dc4d-4b80-a1e9-233c82d9c6f1.xml; https://www.accessdata.fda.gov/spl/data/c51e8ecf-c0bd-4f67-8751-980b63cde037/c51e8ecf-c0bd-4f67-8751-980b63cde037.xml; https://www.accessdata.fda.gov/spl/data/4762e733-3295-4222-a825-2a39fe922b23/4762e733-3295-4222-a825-2a39fe922b23.xml.  LNK touts itself as "one of the nation's largest manufacturers of solid and liquid dose, over-the-counter (OTC) pharmaceuticals, and is headquartered in Happauge, New York.  *See* https://www.lnkintl.com/contact-us.

[5] *See* FEDERAL COURT MANAGEMENT STATISTICS, COMBINED CIVIL AND CRIMINAL FEDERAL COURT MANAGEMENT STATISTICS (June 30, 2023), *at* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/06/30-3.

1515 Market St., Suite 1100
Philadelphia, PA 19102
Tel: (267) 435-1300
Email: ruben@honiklaw.com

4