# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Viva Cohen and Joey Cohen, on behalf of themselves and all others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 1:23-cv-14155 |
| v. | : | |
| | : | |
| Walgreens Boots Alliance, Inc., | : | |
| | : | |
| Defendant. | : | |

## CLASS ACTION COMPLAINT

Plaintiffs Viva and Joey Cohen ("Plaintiffs"), individually and on behalf of Classes of all persons similarly situated, upon personal knowledge as to themselves and their own conduct, and as to all other matters upon information and belief based upon the investigation made by their attorneys, allege for their complaint as follows:

## INTRODUCTION

1.      Plaintiffs seek damages and equitable relief, individually and on behalf of all other members of the Classes, for Defendant Walgreens Boots Alliance's sales of its oral pharmaceutical products containing phenylephrine, an ingredient that was falsely and misleadingly marketed by Defendant as acting as a decongestant and sold to Plaintiffs and the other members of the Classes by Defendant.

2.      Phenylephrine is found in over-the-counter oral medications that were promoted by Defendant as acting as nasal decongestants—the "Decongestant Products."

3.      In 2022, nearly $1.8 billion in sales of phenylephrine-containing products were made in the United States, comprising approximately 80% of the market for over-the-counter decongestants.

4.      The Defendant marketed and sold the Decongestant Products as effective decongestants when it knew or should have known that phenylephrine taken orally is ineffective and provides no relief for nasal congestion. For years, scientific studies using modern testing methods have consistently demonstrated that phenylephrine taken orally is ineffective. However, rather than acknowledge the results of these studies, Defendant has continued to market and sell its products with phenylephrine as effective decongestants.

5.      Had Plaintiffs known that the phenylephrine-containing products were ineffective as a nasal decongestant, they would not have purchased them, or would have paid substantially less for them.

6.      Accordingly, Plaintiffs, on behalf of themselves and all other purchasers of Defendant's Decongestant Products containing phenylephrine, seek to represent a classes of purchasers against Defendant for its illegal conduct in falsely marketing and selling the ineffective Decongestant Products.

## PARTIES

7.      Plaintiffs Viva and Joey Cohen are residents of Illinois. Plaintiffs purchased maximum strength Severe Cold & Flu, a Walgreens' store brand product sold by Defendant that contained phenylephrine falsely touted as a nasal decongestant.  Plaintiffs purchased the product to provide decongestant relief.

8.      Defendant Walgreens Boots Alliance, Inc. ("Walgreens") operates thousands of pharmacies in the United States. Walgreens is a Delaware corporation that is headquartered and has its principal place of business in Deerfield, Illinois, which is in this District. Walgreens sells its own Walgreens branded products containing phenylephrine, which it claims acts as a nasal decongestant.

2

{00242869 }

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from the Defendant, there are more than 100 Class members nationwide, and the aggregate amount in controversy exceeds $5,000,000.

10.     This Court has personal jurisdiction over Defendant by virtue of it transacting and doing business in this District. Defendant has purposefully availed itself of the benefits and protections of this District by continuously and systematically conducting substantial business in this District. Defendant markets and distributes its products in this District.

11.     The Court also has personal jurisdiction over the Defendant because its headquarters is in this District.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendant maintains key business operations in this District and sells its Decongestant Products in this District.

## FACTUAL ALLEGATIONS

13.     The best-selling products in the decongestant market contain phenylephrine, which products constitute approximately 80% of the market for over-the-counter decongestants. Nearly $1.8 billion worth of phenylephrine-containing products were sold in 2022.

14.     As reported by *The Wall Street Journal*, "Phenylephrine, first permitted for use in 1938, didn't go through the rigorous clinical trials that regulators require today for medications, and more recent studies found the ingredient to be ineffective at relieving congestion. The latest research prompted pharmacists and physicians to call for ending the sales of the drugs."

3

15.     Per the *WSJ*, "the FDA said in an analysis… that the oral phenylephrine formulations are safe but ineffective at standard or even higher doses."

16.     Further, "the [FDA] said that three large recent industry-funded studies evaluating medicines with phenylephrine by manufacturers found that people who took medicines with phenylephrine fared no better than those who received a placebo. The agency also found that research from decades ago didn't meet current clinical trial design standards and included inconsistent results."

17.     Phenylephrine, as Defendant knew or should have known, is ineffective when taken orally. Nevertheless, Defendant marketed and sold the Decongestant Products containing phenylephrine as an oral nasal decongestant when phenylephrine is ineffective when administered in that manner.

18.     The results of scientific studies of phenylephrine have repeatedly demonstrated that it is ineffective as an oral nasal decongestant. As Leslie Hendeles, PharmD and Randy Hatton, PharmD succinctly stated in the Journal of Allergy and Clinical Immunology in May 2006, "Phenylephrine…is unlikely to provide relief of nasal congestion. It has poor oral bioavailability because of extensive first-pass metabolism in the gut and liver…Moreover, in a randomized, double blind, placebo-controlled, crossover study of 3 oral decongestants in 20 patients with chronic nasal stuffiness, phenylephrine was no more effective than placebo in reducing nasal airway resistance."[1]

---

[1] Leslie Handeles, PharmD and Randy Hatton, PharmD, *Oral phenylephrine: An ineffective replacement for pseudoephedrine?*, 118 J. Allergy and Clinical Immunology 1 (May 1, 2006), citing Bickerman HA, Physiologic and pharmacologic studies on nasal airway resistance presented at a conference sponsored by the Scientific Development Committee of the Proprietary Association, Washington, DC, December 8, 1971, available at https://www.jacionline.org/article/S0091-6749(06)00633-6/fulltext#bib5

4

{00242869 }

19.     For years, other scientific studies using modern testing methodologies and practices have consistently demonstrated that phenylephrine is ineffective as an oral decongestant. The results of these studies were or should have been known to Defendant, a large and sophisticated purveyor of phenylephrine-containing products that it touted as decongestants.

20.     In 2015, University of Florida pharmacy researchers who reviewed testing of oral decongestant pills filed a citizen's petition with the FDA seeking removal of phenylephrine from the list of approved over-the-counter medicines.

21.     On September 11 and September 12, 2023, the FDA held a non-prescription Drug Advisory Committee Meeting to discuss the efficacy of oral phenylephrine as a nasal decongestant. The Advisory Committee explained that multiple studies have shown phenylephrine to be no better than a placebo.

22.     For example, the Committee described a study conducted by Johnson and Johnson from 2017 to 2018 to evaluate an oral phenylephrine product. As explained by the panel, the trial "suggest[ed] no beneficial effect [of phenylephrine] when compared with placebo."[2]

23.     This finding was consistent with the results of earlier studies. In 2015, Meltzer et al. conducted a dose-response study relating to the treatment of nasal congestion. The study subjects were given various combinations of commercially available oral phenylephrine tablets and a placebo. The commercially available tablet was reported in an editorial published in the same journal as the study to be Johnson and Johnson's (now Kenvue's) Sudafed PE.[3] The results

---

[2] *See* NDAC Briefing Document: Oral Phenylephrine in the CCABA Monograph at 52, available at https://www.fda.gov/media/171915/download
[3] Hatton and Hendeles, Over the Counter Oral Phenylephrine: A Placebo for Nasal Congestion, J. Allergy Clin. Immunol. Prac. (Sept/Oct. 2015).

{00242869 }

of the study were unequivocal: "we failed to identify a dose for [phenylephrine]…that was significantly more effective than placebo in relieving nasal congestion…."[4]

24.     Defendant, as a large and sophisticated seller of oral phenylephrine-containing products, was or should have been aware of the studies suggesting that phenylephrine is not effective as an oral nasal decongestant.

25.     As for the Plaintiffs and the other Class members who purchased the Defendant's Decongestant Products to alleviate congestion, one pharmacist who has led the examination of the efficacy of phenylephrine stated, "if you have a stuffy nose and you take this medicine, you will still have a stuffy nose."

## STATUTES OF LIMITATIONS ARE INAPPLICABLE

26.     Plaintiffs and the other Class members had no way of knowing about Defendant's deception concerning its Decongestant Products. As consumers, Plaintiffs and members of the Classes reasonably believed that the Decongestant Products offered for sale as decongestants by Defendant were actually decongestants.

27.     Within the time period of any applicable statutes of limitations, Plaintiffs and the other members of the Classes could not have discovered through the exercise of reasonable diligence that Defendant's Decongestant Products were ineffective.

28.     Plaintiffs and the other members of the Classes did not discover and did not know facts that would have caused a reasonable person to suspect that Defendant marketed and sold decongestant products that it knew or should have known were not effective. Further, a reasonable and diligent investigation would not have disclosed that Defendant had concealed and

---

[4] Meltzer et al., *Oral Phenylephrine HCl for Nasal Congestion in Seasonal Allergic Rhinitis: A Randomized, Open-label, Placebo-controlled Study*, 3 J. Allergy Clin. Immunol. Prac. 6 (Sept/Oct 2015). Available at https://www.jaci-inpractice.org/action/showPdf?pii=S2213-2198%2815%2900252-4

{00242869 }

not disclosed information about the products' inefficacy, which information was only available to Plaintiffs and the Classes' members after the public dissemination of the FDA panel's findings in September 2023.

29.     For these reasons, the discovery rule for the claims asserted is applicable and the statute of limitations inapplicable.

30.     In addition, the Defendant was under a continuous duty to disclose to Plaintiffs and the Classes' members the true character, quality, and nature of its Decongestant Products.

31.     Defendant knowingly, affirmatively, and actively concealed the true nature, quality, and character of its Decongestant Products.

32.     Based on the foregoing, the Defendant is estopped from relying on any statutes of limitations in defense of this action.

## CLASS ALLEGATIONS

33.     Plaintiffs bring this action pursuant to Rules 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.

34.     Plaintiffs seek to represent the following Classes:

a.      All persons in the United States, Washington D.C., and Puerto Rico who purchased a Walgreens' brand orally administered product containing phenylephrine that stated the ingredient phenylephrine was a nasal decongestant (the "National Class").

b.      All persons in Illinois who purchased a Walgreens' brand orally administered product containing phenylephrine that stated the ingredient phenylephrine was a nasal decongestant (the "Illinois Class").

{00242869 }

35.     Excluded from the Classes are the Defendant, and any of the Defendant's members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; the judicial officers and his or her immediate family members; Court staff assigned to this case, and purchasers for resale.

36.     This action has been brought and may be maintained on behalf of the Classes proposed herein under Rule 23 of the Federal Rules of Civil Procedure.

37.     Certification of Plaintiffs' claims for class wide treatment is appropriate because Plaintiffs can prove the elements of their claims using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

38.     Numerosity:  Rule 23(a)(1): The members of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiffs are informed and believe that there are thousands of members of each of the Classes based on the size of the market for decongestant products and Defendant's share of the retail pharmacy market, but the precise number of Class members in each Class is currently unknown to Plaintiffs.  The identities of the members of the Classes can, however, be ascertained during discovery from the records of the Defendant.

39.     Commonality and Predominance: Rule 23(a)(2) and (b)(3): This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including:

a.     When Defendant knew that phenylephrine was ineffective as a decongestant;

b.     Whether Defendant sold Decongestant Products as effective;

8

  c.  What measures Defendant took to conceal the true nature of its

    Decongestant Products;

  d.  Defendant's duty to disclose the true nature of its Decongestant Products;

  e.  Whether Plaintiffs and the other members of the Classes overpaid for

    Defendant's Decongestant Products; and

  f.  Whether Plaintiffs and the other members of the Classes are entitled to

    equitable and injunctive relief.

40.  Typicality: Rule 23(a)(3): Plaintiffs' claims are typical of the other Classes' members' claims because, among other things, Plaintiffs purchased one or more of Defendant's Decongestant Products, all the members of the Classes were comparably injured through Defendant's wrongful conduct as described above. Plaintiffs and the members of the Classes suffered damages as a direct and proximate result of the same wrongful practices engaged in by the Defendant.

41.  Adequacy: Rule 23(a)(4): Plaintiffs are adequate Class Representatives because their interests do not conflict with the interests of the other members of the Classes they seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action litigation; and Plaintiffs intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the Classes' interests.

42.  Declaratory Relief: Federal Rule of Civil Procedure 23(b)(2): Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Classes, thereby making declaratory relief appropriate, with respect to each Class as a whole.

43.  Superiority: Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy and no

{00242869 }

unusual difficulties are likely to be encountered in managing this case as a class action. The damages or other financial injury suffered by Plaintiffs and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate the claims against the Defendant, so it would be impracticable for the members of the Classes to individually seeks redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, such litigation creates a potential for inconsistent or contradictory judgments, increasing the delay and expense to all parties and the court system. By contrast, a class action is suited and intended to eliminate or mitigate such difficulties and provide the benefits of uniform and common adjudication, economy of scale, and comprehensive supervision.

## CAUSES OF ACTION

## COUNT ONE

## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### 815 Ill. Comp. Stat. Ann. §5105/1, *et seq.*

44.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-43 as if fully set forth herein.

45.     Plaintiffs bring this cause of action individually and on behalf of the members of the Illinois Class.

46.     The Illinois Uniform Deceptive Trade Practices Act was created to protect Illinois consumers from deceptive and unfair commercial practices.

47.     Defendant's conduct described herein constitutes use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression, and omission of material facts in connection with the sale and marketing of merchandise, the Decongestant

{00242869 }

Products, in trade or commerce in Illinois, with the intention that Plaintiffs and Illinois Class members would rely on Defendant's representations and material omissions in deciding to purchase the Decongestant Products, rendering Defendant's conduct unlawful under 815 Ill. Comp. Stat. Ann. §5105/1, *et seq.*

48.     Plaintiffs and the Illinois Class members relied on the material representations made by Defendant and purchased the Decongestant Products for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment by the Defendant of a method, act or practice declared unlawful by 815 Ill. Comp. Stat. Ann. §5105/1, *et seq.* Plaintiffs and the Illinois Class members acted as reasonable consumers would have acted under the circumstances, and Defendant's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Decongestant Products) that resulted in the injury and damages.

49.     Accordingly, Plaintiffs and the Illinois Class members are entitled to monetary damages as well as equitable relief necessary or proper to protect them from Defendant's unlawful conduct.

**COUNT TWO**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

50.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-43 as if fully set forth herein.

51.     Plaintiffs bring this cause of action on behalf of the Nationwide Class and the Illinois Class.

11

52.     At all times relevant all fifty States and the District of Columbia and Puerto Rico have codified and adopted the provisions of the Uniform Commercial Code governing the implied warranty of merchantability and fitness for ordinary purpose.[5]

53.     Defendant was at all relevant times a "merchant" within the meaning of Article 2 of the U.C.C.

54.     The Decongestant Products are and were "goods" within the meaning of Article 2 of the U.C.C.

55.     Defendant was obligated to provide Plaintiffs and the other members of the Classes Decongestant Products that were of merchantable quality, were reasonably fit for the purpose for which they were sold and conformed to the standards of the trade.

56.     Defendant impliedly warranted that the Decongestant Products were of merchantable quality and fit for that purpose.

57.     Defendant breached the implied warranty of merchantability because its Decongestant Products were not of merchantable quality or fit for their ordinary purpose.

58.     Defendant's breach of the implied warranty of merchantability was a direct and proximate cause of Plaintiffs' and the other members of the Classes' damages.

---

[5] *E.g.,* Ala. Code § 7-2-314; Alaska Stat. § 45.02.314; Ariz. Rev. Stat. Ann. § 47-2314; Ark. Code. Ann. § 4-2-314; Cal. Com. Code § 2314; Colo. Rev. Stat. § 4-2-314; Conn. Gen. Stat. Ann. § 42a-2-314; 6 Del. Code. § 2-314; D.C. Code. § 28:2-314; Fla. Stat. Ann. § 672.314; Ga. Code. Ann. § 11-2-314; Haw. Rev. Stat. § 490:2-314; Idaho Code § 28-2-314; 810 Ill. Comp. Stat. Ann. 5/2-314; Kan. Stat. Ann. § 84- 2-314; Ky. Rev. Stat. Ann. § 355.2-314; La. Civ. Code Ann. Art. § 2520; 11 Me. Rev. Stat. Ann. § 2-314; Md. Code. Ann. § 2-314; Mass. Gen. Law Ch. 106 § 2-314; Mich. Comp. Laws Ann. § 440.2314; Minn. Stat. Ann. § 336.2-314; Miss. Code Ann. § 75-2-314; Mo. Rev. Stat. § 400.2- 314; Mont. Code Ann. § 30-2-314; Nev. Rev. Stat. U.C.C. § 104.2314; N.H. Rev. Ann. § 382- A:2-314; N.J. Stat. Ann. § 12A:2-314; N.M. Stat. Ann. § 55-2-314; N.Y. U.C.C. Law § 2-314; N.C. Gen. Stat. Ann. § 25-2-314; N.D. Stat. § 41-02-314; Ohio Rev. Code Ann. § 1302.27; Okla. Stat. tit. 12A § 2-314; Or. Rev. Stat. § 72.3140; 13 Pa. C.S. § 2314; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-314; S.C. Code Ann. § 36-2-314; S.D. Stat. § 57A-2-314; Tenn. Code Ann. § 47-2-314; Tex. Bus. & Com. Code Ann. § 2-314; Utah Code Ann. § 70A-2-314; Va. Code § 8.2-314; Vt. Stat. Ann. 9A § 2-314; W. Va. Code § 46-2-314; Wash. Rev. Code § 62A 2-314; Wis. Stat. Ann. § 402.314 and Wyo. Stat. § 34.1-2-314.

## COUNT THREE

## UNJUST ENRICHMENT

59.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-43 as if fully set forth herein.

60.     Plaintiffs bring this claim on behalf of the Nationwide Class and the Illinois Class.

61.     There are no material differences in the elements of the unjust enrichment cause of action in the various states. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff, and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state. There is no material conflict relating to the elements of unjust enrichment between the different jurisdictions where the Class members reside.

62.     Plaintiffs and all other National and Illinois Class members conferred a benefit on Defendant by purchasing its Decongestant Products containing an ineffective ingredient.

63.     Defendant has been unjustly enriched in retaining the revenues derived from Class members' purchases of its Decongestant Products, which retention under these circumstances is unjust and inequitable because Defendant misrepresented that Decongestant Products were effective for providing congestion relief when in fact they were not, which caused injuries to Plaintiffs and all members of the Classes because they paid a price premium due to Defendant's deception.

64.     Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiffs and all members of the National and Illinois Classes is unjust and inequitable,

13

Defendant must pay restitution to Plaintiffs and the Class members for its unjust enrichment, as ordered by the Court.

## COUNT FOUR

### BREACH OF EXPRESS WARRANTY

65.     Plaintiffs repeat and reallege the allegations in Paragraphs 1-43 as though fully set forth herein.

66.     Plaintiffs bring this cause of action on behalf of the National and Illinois Classes.

67.     Defendant expressly warranted that the phenylephrine in its Decongestant Products would act as a decongestant.

68.     Defendant breached this express warranty in connection with the sale and distribution of its Decongestant Products because the phenylephrine its Decongestant Products does not act as a decongestant.

69.     Had Plaintiffs and the members Class known the Decongestant Products were ineffective as decongestants, they would not have purchased them.

70.     To the extent privity may be required, Plaintiffs and the members of the Class purchased the Decongestant Products from the Defendant.

71.     As a direct and proximate result of Defendant's breach of its express warranty, Plaintiffs and the members of the Classes have sustained injury and damages.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other members of the Classes, respectfully requests that the Court enter judgement in Plaintiffs' and the Classes' favor and against Defendant, as follows:

A.     Certification of the proposed Classes with Plaintiffs as the Class Representatives;

{00242869 }

B.      Appointment of Plaintiffs' counsel as Class Counsel;

C.      Equitable relief, including, but not limited to:

     1.   Requiring Defendant to make full disclosure of its knowledge of the lack of efficacy of its Decongestant Products;

     2.   Disgorgement of Defendant's profits from the sales of its Decongestant Products;

     3.   Restitution;

D.      Damages, in an amount to be determined at trial;

E.      An order requiring Defendant to pay both pre-and post-judgment interest on all amounts awarded;

F.      An award of costs and attorneys' fees; and

G.      Such other and further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all claims so triable.

Dated: September 26, 2023

*/s/ Steven A. Kanner*
Steven A. Kanner
William H. London
Nia Barberousse Binns
FREED KANNER LONDON
  & MILLEN, LLC
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60069
 (224) 632-4500

{00242869 }

Jonathan M. Jagher
FREED KANNER LONDON
   & MILLEN, LLC
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6770

Joseph C. Kohn
William E. Hoese
Zahra R. Dean
Elias A. Kohn
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19107
(215) 238-1700

Attorneys for Plaintiffs and the proposed
Classes

{00242869 }

TO ORDER COPIES OF ANY DOCUMENTS LISTED
BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**This docket is current through 10/03/2023**

Today's Date: 10/3/2023
Source: U.S. District Court, Northern District of Illinois (Chicago)

| | |
|---|---|
| **Court:** | U.S. District Court, Northern District of Illinois (Chicago) |
| **Case Title:** | Cohen et al v. Walgreens Boots Alliance, Inc. |
| **Case:** | 1:23-CV-14155 |
| **Judge:** | Honorable Sara L. Ellis |
| **Date Filed:** | 09/26/2023 |

**CASE INFORMATION**

| | |
|---|---|
| **Case Number:** | 1:23CV14155 |
| **Jury Demand:** | Plaintiff |
| **Nature of Suit:** | Torts: Personal Injury - Health Care/Pharmaceutical Personal Injury/Product Liability (367) |
| **Jurisdiction:** | Diversity |
| **Cause:** | 28 USC 1332 Diversity-Product Liability |

**PARTICIPANT INFORMATION**

### Viva Cohen

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | William Henry London |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Freed Kanner London & Millen, LLC |
| **Attorney Address:** | 2201 Waukegan Road |
| | Suite 130 |
| | Bannockburn, IL 60015 |
| **Attorney Phone:** | 224-632-4500 |
| **Attorney Fax:** | Not a member |
| **Email Address:** | wlondon@fklmlaw.com |
| **Attorney:** | Steven A Kanner |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Freed Kanner London & Millen, LLC |
| **Attorney Address:** | 2201 Waukegan Road |
| | Suite 130 |
| | Bannockburn, IL 60015 |
| **Attorney Phone:** | 224-632-4500 |
| **Attorney Fax:** | Not a member |
| **Email Address:** | skanner@fklmlaw.com |

### Joey Cohen

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | William Henry London |
| **Status:** | ATTORNEY TO BE NOTICED |

| | |
|---|---|
| **Firm Name:** | Freed Kanner London & Millen, LLC |
| **Attorney Address:** | 2201 Waukegan Road |
| | Suite 130 |
| | Bannockburn, IL 60015 |
| **Attorney Phone:** | 224-632-4500 |
| **Attorney Fax:** | Not a member |
| **Email Address:** | wlondon@fklmlaw.com |
| **Attorney:** | Steven A Kanner |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Freed Kanner London & Millen, LLC |
| **Attorney Address:** | 2201 Waukegan Road |
| | Suite 130 |
| | Bannockburn, IL 60015 |
| **Attorney Phone:** | 224-632-4500 |
| **Attorney Fax:** | Not a member |
| **Email Address:** | skanner@fklmlaw.com |

## Walgreens Boots Alliance, Inc.

| | |
|---|---|
| **Type:** | Defendant |
| **Attorney:** | Kaspar J. Stoffelmayr |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Bartlit Beck Herman Palenchar & Scott LLP |
| **Attorney Address:** | 54 West Hubbard Street |
| | Suite 300 |
| | Chicago, IL 60654 |
| **Attorney Phone:** | 312-494-4400 |
| **Attorney Fax:** | Not a member |
| **Email Address:** | kaspar.stoffelmayr@bartlit-beck.com |

**CALENDAR INFORMATION**

View Calendar Information

**DOCKET PROCEEDINGS (7)**

| Entry #: | Date: | Description: | | |
|---|---|---|---|---|
| 5 | 10/02/2023 | MINUTE entry before the Honorable Sara L. Ellis: The initial status conference in this matter is set for 11/28/2023 at 9:30 AM. The parties are directed to review the procedures and requirements for this conference on Judge Ellis' website and to submit the required Initial Status Report by 11/21/2023. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (866) 434-5269, Access Code: 8087837. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call- | View | Add to request |

| | | | | |
|---|---|---|---|---|
| | | in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing (use toll-free number). Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (rj, ) (Entered: 10/02/2023) | | |
| 4 | 09/28/2023 | ATTORNEY Appearance for Plaintiffs Joey Cohen, Viva Cohen by William Henry London (Attachments: # 1 Certificate of Service)(London, William) (Entered: 09/28/2023) | View | Add to request |
| 3 | 09/28/2023 | ATTORNEY Appearance for Plaintiffs Joey Cohen, Viva Cohen by Steven A Kanner (Attachments: # 1 Certificate of Service)(Kanner, Steven) (Entered: 09/28/2023) | View | Add to request |
| | 09/27/2023 | CASE ASSIGNED to the Honorable Sara L. Ellis. Designated as Magistrate Judge the Honorable M. David Weisman. Case assignment: Random assignment. (jxm, ) (Entered: 09/27/2023) | Send Runner to Court | |
| | 09/27/2023 | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties | Send Runner to Court | |

must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (jxm, ) (Entered: 09/27/2023)

| 2 | 09/26/2023 | CIVIL Cover Sheet (Attachments: # 1 Civil Cover Sheet Attorneys of Record) (Kanner, Steven) (Entered: 09/26/2023) | View | Add to request |

| 1 | 09/26/2023 | COMPLAINT filed by Viva Cohen, Joey Cohen; Jury Demand. Filing fee $ 402, receipt number AILNDC-21149203. (Attachments: # 1 Certificate of Service)(Kanner, Steven) (Entered: 09/26/2023) | View | Add to request |

TO ORDER COPIES OF ANY DOCUMENTS LISTED
ABOVE, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.