# EXHIBIT A

**U.S. District Court**
**District of New Jersey [LIVE] (Trenton)**
**CIVIL DOCKET FOR CASE #: 3:23-cv-20478-RK-RLS**

ROURK v. HALEON, PLC                                    Date Filed: 09/19/2023
Assigned to: Judge Robert Kirsch                        Jury Demand: Plaintiff
Referred to: Magistrate Judge Rukhsanah L. Singh        Nature of Suit: 190 Contract: Other
Cause: 28:1332 Diversity-Other Contract                 Jurisdiction: Diversity

**Plaintiff**

**SHARON ROURK**                    represented by   **PHILIP FURIA**
                                                     THE SULTZER LAW GROUP, P.C.
                                                     85 CIVIC PLAZA, SUITE 200
                                                     POUGHKEEPSIE, NY 12601
                                                     201-744-0064
                                                     Email: furiap@thesultzerlawgroup.com
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**HALEON, PLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/19/2023 | 1 | COMPLAINT against Haleon, PLC ( Filing and Admin fee $ 402 receipt number ANJDC-14709220) with JURY DEMAND, filed by Sharon Rourk. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(FURIA, PHILIP) (Entered: 09/19/2023) |
| 09/19/2023 |  | CLERK'S QUALITY CONTROL MESSAGE - The case you electronically filed has been processed, however, the following deficiencies were found: Party Information is to be entered in CAPITAL LETTERS DO NOT select a party if it is not in CAPITAL LETTERS, create a new party. . The Clerk's Office has made the appropriate changes. Please refer to the Attorney Case Opening Guide for processing electronically filed cases. (jjc, ) (Entered: 09/19/2023) |
| 09/19/2023 |  | CLERK'S QUALITY CONTROL MESSAGE - Please be advised, pursuant to Fed. R. Civ. P. 7.1(a)(2), unless the Court orders otherwise, in any action filed or removed to this Court, in which jurisdiction is based upon diversity under 28 U.S.C. 1332(a), a party or intervenor must file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor. A party, intervenor or proposed intervenor must file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the Court. Click here to complete the Diversity Disclosure Statement, once complete, file it using the event Diversity Disclosure Statement. (jjc, ) (Entered: 09/19/2023) |
| 09/19/2023 |  | Judge Robert Kirsch and Magistrate Judge Rukhsanah L. Singh added. (jjc, ) (Entered: 09/19/2023) |
| 09/19/2023 | 2 | SUMMONS ISSUED as to HALEON, PLC. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. (jjc, ) (Entered: 09/19/2023) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/05/2023 10:48:33 | | |
| **PACER Login:** | furiaphi | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:23-cv-20478-RK-RLS Start date: 1/1/1980 End date: 10/5/2023 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Sharon Rourk, Individually and on Behalf of All Others Similarly Situated,<br><br>                    *Plaintiff*,<br><br><br>                    v.<br><br>Haleon, PLC,<br><br>                    *Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiff Sharon Rourk ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint ("CAC") against Defendant Haleon, PLC ("Defendant" or "Haleon") and in support states the following.

<u>**NATURE OF THE SUIT**</u>

1.        This is a class action lawsuit by Plaintiff on behalf of herself and all others similarly situated who purchased Defendant's tablet style phenylephrine medicine, "Advil Sinus Congestion and & Pain" branded products, containing phenylephrine, ("Medicine", or "Drugs")[1], that were manufactured, marketed, labeled, distributed, and sold by Defendant. The above-described group of persons who purchased Defendant's Drugs are to be referred to as the Putative Class hereinafter.

---

[1] https://www.advil.com/our-products/cold-flu-sinus/advil-sinus-congestion-pain/

2.      These Drugs are designed to combat sinus issues, such as congestion, among other things. Unfortunately, the Drugs do not.[2] In fact, the Drugs are ineffective according to the FDA, this is due to their active ingredient being phenylephrine.[3]

3.      Medicines similar to these Drugs, containing phenylephrine, generated almost 2 billion in sales in 2022.[4]

4.      Further: "According to the FDA review, 242 million packages or bottles of phenylephrine products were sold in 2022, resulting in $1.76 billion in sales."[5]

5.      Plaintiff brings this action because of Defendant's fraud, false marketing, false advertising, breach of contract, breach of warranty, and breaches of state law consumer protection statutes.

6.      Defendant is a self-proclaimed medical drug provider, specializing in fighting colds, as documented in its corporate wordmark, and website branding, and content, as seen below[6]:

"Advil Sinus Congestion & Pain combines the speed and strength of Advil and a proven nasal decongestant for fast, effective relief of sinus pressure and congestion associated with colds. Though mucus can contribute to the stuffed up feeling, nasal congestion is the swelling of the tissues in the nose and sinuses caused by inflammation. Advil Sinus

---

[2] https://www.cnn.com/2023/09/12/health/phenylephrine-tablets-ineffective-fda-panel-says/index.html#:~:text=Phenylephrine%2C%20a%20popular%20ingredient%20in,and%20Drug%20Administration%20agreed%20Tuesday

[3] Id. ; https://www.fda.gov/media/171917/download

[4] https://www.fiercepharma.com/pharma/its-unanimous-fda-panel-says-decongestant-drug-phenylephrine-does-not-work#:~:text=Products%20that%20include%20the%20ingredient,congestion%20when%20given%20by%20mouth.

[5] https://www.medscape.com/viewarticle/996369#:~:text=The%20vote%20that%20formally%20declared,and%20based%20on%20outdated%20technology.

[6] https://www.advil.com/our-products/cold-flu-sinus/advil-sinus-congestion-pain/

Congestion & Pain re-opens your airways by constricting the blood vessels in your nose and sinuses.

Advil Sinus Congestion & Pain also treats the pain associated with colds. The philosophy behind Advil Sinus Congestion & Pain is that cold-sufferers who treat only nasal congestion or the pain associated with it really only address half the problem. Both pain and congestion are major symptoms of colds so it just makes sense to treat them both with just one tablet. Get fast, powerful relief with Advil Sinus Congestion & Pain."

7.      Through its own marketing, as demonstrated above, Defendant is seeking out consumers who are in vulnerable positions given their need for medicine related to nasal and sinus issues.

8.      Unfortunately, Defendant's "Advil Congestion & Pain Relief" branded Drugs, containing phenylephrine, are ineffective as decongestants.[7]

9.      These Drugs, specifically those containing phenylephrine, were brought to market as alternatives for other types of medicines that were prone to abuse by illicit drug producers, as to create methamphetamine.[8]

10.      In fact, these Drugs took the shelf space of older, truly effective drugs.[9]

## JURISDICTION AND VENUE

11.      This Court possesses subject-matter jurisdiction to adjudicate the claims set forth herein under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

---

[7] https://www.fda.gov/media/171971/download
[8] https://www.cbsnews.com/news/nasal-decongestant-phenylephrine-congestion-fda-experts/#:~:text=A%202006%20law%20had%20forced,billion%20market%20for%20oral%20decongestants.
[9] Id.

and costs, (2) the action is a class action, (3) there are members of the Class who are diverse from Defendant, and (4) there are more than 100 class members.

12.     This Court has personal jurisdiction over Defendant because they have their principal place of business located in this judicial district or are registered to do business within this district.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this district, transacts business in this district, is subject to personal jurisdiction in this district, and therefore is deemed to be a citizen of this district.

14.     Given that Defendant's headquarters are located within this district, the design, approval, and distribution process of the Drugs occurred or originated within this District. Additionally, Defendant has advertised in this district and has received substantial revenue and profits from its sales of Drugs in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

## PARTIES

### A.      Plaintiff

15.     Plaintiff is a resident of Bonneau, South Carolina, which is located within Calhoun County, South Carolina

16.     In August of 2023, Plaintiff began purchasing Defendant's Drugs from a Walmart store located at 511 N U.S. Hwy 52, Moncks Corner, SC 29461.

17.     Unfortunately, Plaintiff suffers from nasal issues and purchased Drugs produced by Defendant to treat such nasal and sinus issues.

18.     Plaintiff used Defendant's Drugs but to no relief.

19.     Plaintiff, along with many others, has spent countless dollars on these Drugs while expecting to be relieved of sinus pain but to no avail.

**B.     <u>Defendant</u>**

20.     Defendant is a multinational corporation, with its United States' headquarters located at: 184 Liberty Corner Road Warren, NJ 07059.

21.     Defendant has repeatedly touted the effectiveness of the Drugs.[10]

22.     Defendant has profited largely off of the sale of these Drugs, with total revenue from phenylephrine products totaling nearly 1.8 billion.[11]

## <u>FACTUAL ALLEGATIONS</u>

23.     Plaintiff purchased Defendant's Drugs in January of 2023.

(space intentionally left blank)

---

[10] https://www.advil.com/our-products/cold-flu-sinus/advil-sinus-congestion-pain/
[11] https://www.fda.gov/media/171971/download

24.     Specifically, Plaintiff purchased Advil Sinus Congestion & Pain, containing phenylephrine.As demonstrated below:



25.     When Plaintiff took these Drugs, her nasal and sinus conditions were not improved, and Plaintiff received no relief.

26.     Plaintiff would not have purchased this Drug had she known of the truly ineffective nature of Defendant's Drugs.

27.     Plaintiff was deprived of her benefit of the bargain and was monetarily harmed by Defendant's Drugs.

28.     As documented above, Defendant has a history of defrauding customers through their deceptive medicinal sales and marketing practices. In 2015, similar drugs were noted to be ineffective.[12] Instead of telling the truth, Defendant chose to keep touting the Drugs as effective.

29.     Specifically, when put in tablet form, the phenylephrine is ineffective as a treatment for sinus/nasal conditions.[13]

30.     In general, the human sinuses are an extensive system of airways and passages that provide a number of functions for the human body. The main function of sinuses is to humidify and purify the air that is breathed in by a human.[14]

31.     The human sinuses are prone to complications given the rapid change of inhaled air temperatures and the contaminants inhaled from the outside world.[15]

32.     The sinuses are an extensive cavity system as well, and inflamed sinuses can cause great pain throughout the human face and body.[16]

33.     The most relevant condition to the matter at hand here is sinus congestion. Sinus congestion is painful and can cause breathing trouble.[17]

34.     To get relief from this condition, people take sinus medicines that help to relieve congestion, such as Defendant's Drugs.[18]

---

[12] https://www.law360.com/articles/727379/fda-urged-to-block-sales-of-otc-congestion-drug
[13] https://www.cbsnews.com/news/nasal-decongestant-phenylephrine-congestion-fda-experts/ ; https://www.fda.gov/media/171917/download
[14] https://emedicine.medscape.com/article/1899145-overview#:~:text=They%20are%20centered%20on%20the,the%20event%20of%20facial%20trauma.
[15] https://getcleared.com/blog/barometric-pressure-and-sinuses
[16]https://www.medicalnewstoday.com/articles/322108#:~:text=The%20pressure%20and%20pain%20of,problems%20or%20even%20neck%20pain.
[17] https://www.mountsinai.org/health-library/diseases-conditions/sinusitis#:~:text=That%20extra%20mucus%20can%20block,you've%20got%20chronic%20sinusitis.
[18] https://www.webmd.com/drugs/2/drug-54384/sinus-tablet-oral/details

35.    For decades, consumers bought and ingested medicines containing Psuedophedrine.[19]

36.    In detail: "The agency approved phenylephrine for over-the-counter use in the 1970s, but it became even more common after 2005, when legislation restricted access to OTC drugs that use a similar decongestant ingredient called pseudoephedrine."[20]

37.    As best stated: "Phenylephrine gained popularity in the early 2000s as a replacement for pseudoephedrine, the decongestant used in Sudafed, which was moved behind the pharmacy counter in 2006 in an attempt to curb its misuse as an ingredient to make methamphetamine."[21]

38.    Psuedophedrine was, and is, an effective medicine for relieving congestion.[22] Unfortunately, the psuedophedrine drugs were taken off of shelves, and moved behind the pharmacy counter, because illicit drug manufacturers were using the medicines to create methamphetamine.[23]

39.    Once taken off the shelves, psuedophedrine had its place taken by the current Drugs at hand, the phenylephrine-based drugs.[24]

---

[19] https://www.pbs.org/newshour/health/popular-nasal-decongestant-doesnt-actually-relieve-congestion-fda-advisers-say#:~:text=Like%20many%20other%20over%2Dthe,own%20regulations%20on%20drug%20effectiveness.
[20] https://www.cnn.com/2023/09/12/health/phenylephrine-tablets-ineffective-fda-panel-says/index.html
[21] https://www.nbcnews.com/health/health-news/fda-panel-says-common-counter-decongestant-phneylephrine-doesnt-work-rcna104424
[22] https://pubmed.ncbi.nlm.nih.gov/15794071/
[23] https://www.nbcnews.com/health/health-news/fda-panel-says-common-counter-decongestant-phneylephrine-doesnt-work-rcna104424
[24] https://news.yahoo.com/fda-panel-says-common-over-171404910.html

40.    For over 15 years, this Drug has been ineffective.[25]

41.    As stated best below: "But eight years is long enough to wait, you know what I mean? That's millions and millions of dollars wasted on ineffective drugs."[26]

42.    Once phenylephrine was forced on the shelves, and the psuedophederine removed and put behind the counter, consumers had two choices. The first choice is to buy phenylepherine based products as they would normally do, on the shelves; or consumers could opt to wait in a pharmacy line, often long and full of other likely sick individuals who wanted effective psuedophederine based products.

43.    As one does when sick, many consumers, including Plaintiff, opted for the phenylepherine based products. The consumers opted for these Drugs specifically because the Drugs were marketed as safe and effective and were readily accessible.

44.    Unfortunately, the Drugs did not, and do not, work. The entire basis for consumers choosing these Drugs was a facade.

45.    In general, the Drugs do not work because, in sum, the active ingredients do not survive the human stomach conditions and never reach the bloodstream: "Why is oral phenylephrine so useless? It is extensively metabolized, starting in the gut wall. You can find a bioavailability figure of 38% in the literature, but that appears to be the most optimistic number possible, and you can also find studies that show 1% or less."[27] In sum, the Drugs do not actually survive the stomach, and thus do not reach the bloodstream in the nose.

---

[25] https://www.theverge.com/2023/9/13/23871534/fda-panel-phenylephrine-ineffective-cold-medication-allergy ; https://pubmed.ncbi.nlm.nih.gov/17692721/
[26] https://www.cbsnews.com/news/fda-decongestant-phenylephrine-criticized-as-useless/
[27] https://www.science.org/content/blog-post/uselessness-phenylephrinehttps://www.medscape.com/viewarticle/996369#:~:text=The%20vote%20that%20formally%20declared,and%20based%20on%20outdated%20technology.

46.     The Drugs reaching of the nasal bloodstream is critical, as phenylephrine is: "thought to relieve congestion by reducing the swelling of blood vessels in the nasal passages."[28]

47.     Further, in reference to the FDA Panel's opinion: "The panel's vote reflects damning evidence provided by the FDA that found that when phenylephrine is taken orally, a very small amount of the drug actually reaches the nose to relieve congestion."[29]

48.     And, as stated earlier, this ineffectiveness has been known for years.[30]

49.     As best summarized by the following quote: "This drug and this oral dose should have been removed from the market a long time ago... The patient community requires and deserves medications that treat their symptoms safely and effectively and I don't believe that this medication does."[31]

50.     Essentially, Defendant, along with many other manufacturers, have produced a Drug that is marketed as being safe, effective, and helpful for society due to its lack of use in the methamphetamine production system, but instead, the Drugs are ineffective wastes of time, money, and energy.

---

[28] https://www.ktvh.com/decongestant-pills-like-dayquil-and-sudafed-don-t-work-fda-panel-says#:~:text=Phenylephrine%20has%20been%20thought%20to,the%20nose%20to%20relieve%20congestion.

[29] https://www.nbcnews.com/health/health-news/fda-panel-says-common-counter-decongestant-phneylephrine-doesnt-work-rcna104424

[30] https://www.usatoday.com/story/news/health/2023/09/12/fda-says-phenylephrine-decongestant-doesnt-work/70832405007/#:~:text=The%20same%20researchers%20also%20challenged,a%20benefit%20for%20the%20drug.

[31] https://www.nbcnews.com/health/health-news/fda-panel-says-common-counter-decongestant-phneylephrine-doesnt-work-rcna104424

51.     In addition to wasting time and money, these drugs have negative side effects such as: "Mild upset  stomach, trouble  sleeping, dizziness, lightheadedness, headache,  nervousness, shaking, or fast heartbeat."[32]

52.     In all, these Drugs are ineffective and unsafe. These Drugs are fraudulently marketed, as being safe and effective, even though the Drugs ineffective nature has been known for over a decade.

53.     In addition to the lack of effectiveness, the Drugs are ripe with side effects that can harm its users. The Drugs themselves, due to their ineffectiveness, can and will cause users to suffer long than necessary. Prolonged sinus issues can cause long term, incurable sinus problems.[33]

## CLASS ALLEGATIONS

54.     Plaintiff brings this action on behalf of herself, and all others similarly situated pursuant to Rule 23(a) and Rule 23 (b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks class certification on behalf of the class defined as follows ("the Nationwide Class").

**Nationwide Class:** All persons in the United States who purchased Drugs sold by Defendant from 2020 to the Present.

55.     Excluded from the Class are any Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

56.     The Nationwide Class shall be referred to as the "Class". Proposed Members of said Class will be referred to as "Class Members", or otherwise referenced as "members of the Class".

---

[32] https://www.webmd.com/drugs/2/drug-21821/phenylephrine-oral/details#:~:text=Mild%20upset%20stomach%2C%20trouble%20sleeping,causing%20them%20to%20feel%20cold.

[33] https://www.kaplansinusrelief.com/blog/dangers-chronic-untreated-sinusitis-complications/

57.  **Numerosity:** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers who have been damaged by Defendant's conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff at this time.

58.  **Typicality:** Plaintiff's claims are typical to those of all Class Members because members of the Class are similarly injured through Defendant's uniform misconduct described above and were subject to Defendant's deceptive claims. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

59.  **Commonality:** Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class Members. The claims of Plaintiff and all prospective Class Members involve the same alleged defect. These common legal and factual questions include the following:

a.  Whether Defendant's Drugs are defective and/or inoperable;

b.  Whether Defendant owed a duty of care to Plaintiff and the Class;

c.  Whether Defendant knew or should have known that the Drugs were defective and/or inoperable;

d.  Whether Defendant wrongfully represent, and continue to represent, that their Drugs are operable, thus granting sinus/nasal condition relief;

e.  Whether Defendant's omissions are true, or are misleading, or objectively reasonably likely to deceive;

f.  Whether the alleged conduct constitutes violations of the laws asserted;

g.  Whether Defendant's allege conduct violates public policy;

h.   Whether Defendant's representations in advertising, warranties, packaging, and labeling are false, deceptive, and misleading;

i.   Whether those representations are likely to deceive a reasonable consumer;

j.   Whether a reasonable consumer would consider the risk of the Drugs not working;

k.   Whether Defendant was unjustly enriched as a result of its marketing, advertising, and sale of the Drugs;

l.   Whether Defendant breached their express warranties;

m.   Whether Defendant breached their implied warranties;

n.   Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

o.   Whether Plaintiff and the Class Members are entitled to damages and/or restitution and the proper measure of that loss; and

p.   Whether an injunction is necessary to prevent Defendant from continuing to market and sell the Drugs.

60.   **Adequacy:** Plaintiff and her counsel will fairly and adequately protect and represent the interests of each member of the Class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases similar to that here and has the resources and abilities to fully litigate and protect the interests of the Class. Plaintiff intends to prosecute this claim vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class, nor is Plaintiff subject to any unique defenses.

61.   **Superiority:** A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by

Plaintiff and the individual Class Members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain meaningful and effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

62.     The Class also may be certified because Defendant has acted or refused to act on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

63.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described above, such as continuing to market and sell Drugs that may be defective. Further, Plaintiff seeks for Defendant to provide a full refund of the purchase price of the Drugs to Plaintiff and the Class Members.

64.     Unless a Class is certified, Defendant will retain monies received as a result of their conduct that was taken from Plaintiff and the Class Members. Unless a Class-wide injunction is issued, Defendant may continue to commit the violations alleged and the members of the Class and the general public will continue to be misled and placed in harms' way.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Negligence
### (On Behalf of Plaintiff and the Class)

65.     Plaintiff incorporates Paragraphs 1-64 by reference as if fully set forth herein.

66.     Defendant has a duty to provide operable Drugs to consumers.

67.     Defendant breached this duty by designing, producing, marketing, and selling inoperable Drugs.

68.     Defendant's breach of this duty to provide operable Drugs caused damages to Plaintiff.

69.     Plaintiff was damaged in that she lost her benefit of the bargain, has suffered economic loss through the retention of her funds paid for Drugs, has suffered inconveniences due to the constant denial of relief from sinus conditions.

70.     Defendant's actions caused these damages both factually and proximately.

71.     But for Defendant's design, production, marketing, and sale of inoperable Drugs, Plaintiff and the Class would not have been damaged.

72.     In addition, it is foreseeable that producing an inoperable or ineffective Drug would cause damages, as Plaintiff and the Class purchased the Drugs to be relieved of sinus congestion and the ineffective Drugs would not grant Plaintiff and the Class their bargained for relief from sinus/nasal conditions.

73.     Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price.

74.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's negligent failure to deliver the bargained for Drugs.

## SECOND CAUSE OF ACTION
### Negligent Misrepresentation
### (On Behalf of Plaintiff and the Class)

75.     Plaintiff incorporates Paragraphs 1-64 by reference as if fully set forth herein.

76.     Through their advertising and the course of their regular business, Defendant made representations to Plaintiff and the Class concerning the function, operability, and validity of the Drugs.

77.     Defendant did not practice reasonable care in the above-mentioned design, creation, production, sale, and marketing of the Drugs.

78.     Defendant made these statements as to guide consumers, such as Plaintiff and the Class, in the transactional process.

79.     Defendant knew that such statements would be relied upon, the fact that Defendant's Drugs were operable and offered sinus/nasal condition relief, by Plaintiff and the Class, given that the statements were the entire reasoning for the purchase of the Drugs.

80.     Plaintiff and the Class would not have purchased the Drugs without such statements and assertations put forth by Defendant.

81.     Defendant intended that Plaintiff and the Class rely on the representations made by Defendant regarding the Drugs.

82.     Plaintiff reasonably relied upon such representations and omissions to her detriment as she suffered damages.

83.     By reason thereof, Plaintiff and Class Members have suffered damages in an amount to be proven at trial.

84.     Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price.

85.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's negligent misrepresentation of the Drugs.

### THIRD CAUSE OF ACTION
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

86.     Plaintiff incorporates Paragraphs 1-64 by reference as if fully set forth herein.

87.     Plaintiff and the Class bestowed benefits upon Defendant in the form of monies that were paid in exchange for Defendant's Drugs.

88.     These benefits bestowed by Plaintiff were not a donation to Defendant, as these monies were given for the purchase of the Drugs.

89.     As a result of Defendant's wrongful and deceptive conduct alleged herein, Defendant knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by the Plaintiff and members of the Class when they purchased the Drugs.

90.     In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

91.     Plaintiff and the Class paid for Drugs that were properly functioning, Drugs whose sole function was providing/granting sinus/nasal condition relief. Instead, they received something entirely different and relatively unusable.

92.     As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

93.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

94.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive manufacturing, labeling, and marketing of the Drugs to Plaintiff and members of the Class.

95.     Defendant's retention of such funds under circumstances making it inequitable to do so, constitutes unjust enrichment.

96.     The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class.

97.     Given the above, the circumstances make Defendant's retention of funds inequitable, without reimbursement for the funds to Plaintiff and the Class.

98.     Defendant should be compelled to disgorge in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by them, plus interest thereon.

99.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

### FOURTH CAUSE OF ACTION
**Breach of Express Warranty**
**(On Behalf of Plaintiff and the Class)**

100.    Plaintiff incorporates Paragraphs 1-64 by reference as if fully set forth herein.

101.    As detailed above, Defendant, through its advertising and marketing expressly warranted that the Drugs were for the purposes intended, that they were of merchantable quality, and that they actually provided sinus/nasal condition relief.

102.    Moreover, the description for the Drugs represents the use these Drugs serve to provide, i.e. granting sinus/nasal condition relief. Such statements constitute an affirmative promise that these Drugs will indeed provide sinus pressure relief.

103.    Defendant breached this express warranty by providing Drugs that were inoperable and could not provide such promised relief. The Drugs, through whatever means, are inoperable.

104.     Plaintiff and the other Class Members read and relied on these express warranties provided by Defendant in the description of the product and subsequent advertisements.

105.     Defendant breached their express warranties because the Drugs at issue are defective and unfit for their intended use.

106.     Defendant's breach of warranty proximately caused damages as it is foreseeable that such defective Drugs, incapable of delivering on their warranties, would deprive Plaintiff of her benefit of the bargain and monies paid for such Drugs.

107.     Plaintiff and the other Class Members have suffered harm on account of Defendant's breach of its express warranty regarding the fitness for use of the Drugs and are entitled to damages to be determined at trial.

108.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief thereunder for Defendant's failure to deliver Drugs conforming to their express warranties and resulting breach.

## FIFTH CAUSE OF ACTION
### Breach of Implied Warranty of Fitness For A Particular Purpose
### (On Behalf of Plaintiff and the Class)

109.     Plaintiff incorporates Paragraphs 1-64 by reference as though fully set forth herein.

110.     Defendant's Drugs were to be used as Drugs to provide sinus/nasal condition relief in the context of getting relief from sinus pressure. Thus, Defendant's Drugs were of a particular purpose.

111.     Defendant knew of this particular purpose as Defendant produced, marketed, sold, and advertised the Drugs as providing/granting sinus/nasal condition relief.

112.     Defendant knew that Plaintiff relied on this promise of particularity as Defendant was aware of the assertations put forth regarding specificity and Plaintiff's required reliance on such a product.

113.     Plaintiff relied on Defendant's skill and capability to provide such a specific product.

114.     Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price.

115.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**SIXTH CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability**
**(On Behalf of Plaintiff and the Class)**

116.     Plaintiff incorporates Paragraphs 1-64 by reference as though fully set forth herein.

117.     Defendant sold the Drugs to Plaintiff and other consumers.

118.     Plaintiff is a person who is reasonably expected to use such Drugs, given that the Drugs were sold to the public and Plaintiff, like Class Members, is a consumer.

119.     Defendant is a national corporation providing, among other things, medicines to consumers worldwide.

120.     Defendant presented the Drugs as operable/effective drugs that granted access to granting sinus/nasal condition relief for Plaintiff and other consumers.

121.     The Drugs were not merchantable at the time of sale given that they did not provide sinus/nasal condition relief, as marketed and promised by Defendant.

122.     This lack of merchantability is a breach of warranty.

123.     This breach both factually and proximately caused damages to Plaintiff through her loss of funds and the deprivation of her benefit of the bargain.

124.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to their implied warranties and resulting in breach.

### SEVENTH CAUSE OF ACTION
**Breach of Contract**
**(On Behalf of Plaintiff and the Class)**

125.     Plaintiff incorporates Paragraphs 1-64 as if fully set forth herein.

126.     Through their marketing, advertisements, and promises, Defendant created a contract with Plaintiff.

127.     In specific, Plaintiff was to receive sinus/nasal condition relief in exchange for the purchase price of Defendant's Drugs.

128.     Plaintiff performed her obligation under the contract through her paid purchase price of the Drugs.

129.     Defendant failed to perform their obligation under the contract in that Defendant failed to provide granting sinus/nasal condition relief as included in the Drugs.

130.     Plaintiff and the Class have been damaged as a direct and proximate result of Defendant's breach.

131.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

### EIGHTH CAUSE OF ACTION
**Strict Product Liability for Misrepresentation**
**(On Behalf of Plaintiff and the Class)**

132.     Plaintiff incorporates Paragraphs 1-64 as if fully set forth herein.

133.    Defendant was engaged in the business of selling sinus/nasal congestion relief pills.

134.    Defendant misrepresented the material fact that its Drugs provided sinus/nasal condition relief to those who purchased such Drugs.

135.    This fact is material because it is the entire nature of the Drugs themselves and Plaintiff would not have purchased the Drugs had she known of the true nature of the Drugs.

136.    Defendant's misrepresentations were made to the public at large and potential consumers through Defendant's advertising and marketing.

137.    Plaintiff was and is a person who reasonably expected to use the Drugs as marketed by Defendant. This reasonability is based upon the fact that Plaintiff is a consuming member of the public who purchased the Drugs relying on Defendant's marketing.

138.    It is reasonably foreseeably that Plaintiff would be harmed by Defendant's misrepresentation.

139.    Plaintiff suffered damages due to Defendant's misrepresentation.

140.    Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price that she may never get back.

141.    Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

### NINTH CAUSE OF ACTION
#### Fraud
#### (On Behalf of Plaintiff and the Class)

142.    Plaintiff incorporates Paragraphs 1-64 as if fully set forth herein.

143.    Defendant made a fraudulent misrepresentation of material fact in that Defendant marketed, sold, and promised Plaintiff a Drug that would provide sinus/nasal condition relief.

144.    This fact of the Drugs providing/granting sinus/nasal condition relief is material as that was the entire purpose of the Drugs and without such a promise, Plaintiff would not have purchased the Drugs.

145.    Had Plaintiff known of the true inoperable and defective nature of the Drugs, Plaintiff would not have purchased the Drugs.

146.    Plaintiff relied on Defendant's misrepresentation in her purchase of the Drugs.

147.    Plaintiff was justified in relying on this misrepresentation as the true nature of the Drugs was not known to Plaintiff and Defendant promised a Drug that would provide sinus/nasal condition relief.

148.    Plaintiff has suffered damages as a direct and proximate result of this justification as Plaintiff has lost out on her benefit of the bargain, lost funds stemming from her purchase price, has suffered emotional duress, and has been greatly inconvenienced by Defendant's inoperable Drugs.

149.    Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## **TENTH CAUSE OF ACTION**
### **Fraudulent Misrepresentation**
### **(On Behalf of Plaintiff and the Class)**

150.    Plaintiff incorporates Paragraphs 1-64 by reference as if fully set forth herein.

151.    Defendant made a fraudulent misrepresentation of material fact in that Defendant stated that the Drugs would provide sinus/nasal condition relief.

152.    These Drugs did not provide granting sinus/nasal condition relief and this assertion of granting sinus/nasal condition relief was the entire basis for Plaintiff's purchase.

153.     Plaintiff relied on the above misrepresentation as the promise of granting sinus/nasal condition relief was the entire reason for her purchase of the Drugs.

154.     Plaintiff was justified in relying upon the above misrepresentation that Defendant's Drugs would provide granting sinus/nasal condition relief.

155.     Plaintiff's reliance resulted in damages as Plaintiff would not have purchased, thus losing the money related to such purchase, the Drugs.

156.     As a direct and proximate cause of Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price.

157.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgement against Defendant as to each and every count, including:

A.  An order declaring this action to be a proper class action, appointing Plaintiff and her counsel to represent the Class, and requiring Defendant to bear the costs of class notice;

B.  An order enjoining Defendant from selling the Drugs;

C.  An order enjoining Defendant from suggesting or implying that the Drugs are effective for their intended purpose of granting sinus/nasal condition relief;

D.  An order requiring Defendant to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief;

24

E.  An order awarding declaratory relief and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendant from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendant's past conduct;

F.  An order requiring Defendant to pay restitution/damages to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, plus pre- and post-judgment interest thereon;

G.  An order requiring Defendant to disgorge any ill-gotten benefits received from Plaintiff and members of the Class as a result of any wrongful or unlawful act or practice;

H.  An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

I.  An order awarding attorneys' fees and costs to Plaintiff and Class; and

J.  An order providing for all other such equitable relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

*[Signatures to Follow on Next Page]*

Dated: September 19, 2023

Respectfully Submitted,
*/s/ Philip Furia*
Philip Furia, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
furiap@thesultzerlawgroup.com


-AND-


Roy T. Willey, IV (*Pro Hac Vice* Forthcoming)
Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
Blake G. Abbott (*Pro Hac Vice* Forthcoming)
**POULIN | WILLEY**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Email: roy.willey@poulinwilley.com
        paul.doolittle@poulinwilley.com
        blake.abbott@poulinwilley.com
        cmad@poulinwilley.com