BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE-MARKETING AND SALES PRACTICES LITIGATION | MDL DOCKET NO. 3089 |

INTERESTED PARTY RESPONSE
OF PLAINTIFFS WRIGHT AND WALKER

Plaintiffs Krista Wright[1] and Michael Walker[2] (collectively "Plaintiffs") respectively submit this Interested Party Response (per JPML Rule 6.2(e)) to the *Barton* plaintiffs' Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion"). *See* Doc. 1.

I.   INTRODUCTION

Plaintiffs have filed two of the currently more than 50 class actions that have been filed in at least 18 different districts across the country[3] against the

---

[1] Plaintiff Wright is the named plaintiff in the putative class action case of *Wright v. Johnson & Johnson Consumer Inc. et al.,* Case No. 5:23-cv-06120 (W.D. Mo.).
[2] Plaintiff Walker is the named plaintiff in the putative class action case of *Walker v. Johnson & Johnson Consumer Inc. et al.,* Case No. 4:23-cv-00663 (W.D. Mo.).
[3] As of this filing, Plaintiffs are aware of more than 50 similar lawsuits filed in the following jurisdictions: Eastern District of California, Northern District of California, Central District of California, District of New Jersey, Eastern District of Louisiana, Eastern District of Pennsylvania, Northern District of Illinois, District of Oregon, Western District of Washington, Northern District of Florida, Middle District of Florida, District of Minnesota, Western District of Missouri, Eastern District of New York, Western District of Arkansas, District of Kansas, Southern District of Ohio, and District of Rhode Island.

manufacturers and sellers of over-the-counter ("OTC") oral decongestants containing phenylephrine ("Decongestant Products"). These class actions allege that the Defendants deceptively sold and marketed such products because Defendants knew that the active ingredient, phenylephrine, taken orally was no more effective than a placebo in relieving symptoms of congestion. These putative class actions allege violations of various state consumer protection laws, breach of implied warranties, unjust enrichment, and other state law claims.

Since these actions involve one or more common question of fact, Plaintiffs support consolidation under 28 U.S.C. § 1407 for the reasons explained in the *Barton* plaintiffs' Brief in Support of Their Motion for Transfer, *see* Doc. 1-1, at pp. 3-10. Plaintiffs disagree, however, that the District of New Jersey is the most appropriate transferee court. Plaintiffs respectfully suggest that the Western District of Missouri is a more appropriate transferee district for several reasons.

First, because this case involves class claims arising from nationwide sales and conduct by numerous parties located on both coasts and all across the country, there is no one district that is the center of gravity for this litigation. No single district is clearly more convenient for parties and witnesses than any other. Thus, if the Panel agrees that consolidation is appropriate under 28 U.S.C. § 1407, the factor it should weigh most heavily in selecting a transferee court is choosing one that "promotes the just and efficient conduct of the action."

On that factor, the Western District of Missouri has the skilled and experienced judges who have the time and resources necessary to handle this complex case efficiently and effectively. Three of its active judges (Bough, Phillips, and Wimes) have experience as MDL transferee judges. With no judicial vacancies over the past year, the district has maintained average caseloads per judgeship much lower than many other districts, and the district has a low percentage of civil cases pending more than three years, demonstrating the abilities of its judges to move and resolve cases efficiently.

Moreover, the first filed case in the Western District of Missouri is assigned to Judge Stephen Bough, an experienced judge who already has familiarity with the current litigation. Judge Bough appears well positioned to promote the just and efficient conduct of this action. Available data shows that, on average, he rules more quickly on dispositive motions compared to his peers both within the Western District of Missouri and outside the district. He is currently presiding over one other MDL, No. 2936, *In re: Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Products Liability Litigation,* which appears from its docket to be in an advanced stage with discovery complete and dispositive motions ruled upon. In short, the Western District of Missouri, whether under Judge Bough or another judge in the district, appears well suited to "promote the just and efficient conduct of the action."

## II. LEGAL STANDARD

Transfer and consolidation is proper if actions pending in different federal district courts involve similar questions of fact to the extent that consolidating pretrial proceedings would "be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

## III. ARGUMENT

### A. These Actions are Appropriate for Transfer and Coordination pursuant to 28 U.S.C. § 1407(a).

#### 1. These Actions Involve Common Questions of Fact.

Plaintiffs agree with the *Barton* plaintiffs that transfer and coordination under Section 1407 is appropriate. As shown in the complaints, these cases present common questions of fact. Each complaint alleges that defendants' orally administered phenylephrine-containing products are ineffective to relieve nasal congestion, despite claims to the contrary, in violation of various statutory and common law duties owed by Defendants to Plaintiffs. In addition, the complaints allege similar legal theories and seek to certify similar classes and/or subclasses.

#### 2. Transfer and Coordination Serves the "Convenience of the Parties and Witnesses" and "Promote(s) the Just and Efficient Conduct of the Action."

Here, transfer and consolidation will avoid duplicative discovery and prevent inconsistent pretrial rulings. It will "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be

in the best position to design a pretrial program that will prevent duplicative discovery . . . and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *In re Resource Exploration Inc. Sec. Litig.,* 483 F. Supp. 817, 821 (J.P.M.L. 1980). This includes reducing the cost of document review platforms and depositions for party and third-party witnesses.

Second, consolidation decreases the likelihood of inconsistent ruling on pretrial issues because of the possible *res judicata* or collateral estoppel effects on other cases. *See In re Enron Sec. Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification); *see also In re Multidistrict Private Civ. Treble Damages Litig.*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968) (stating the purpose of multidistrict litigation is to ""eliminate the potential for contemporaneous pretrial rulings by coordinating district and appellate courts in multidistrict related civil actions.").

**B.     The Panel Should Centralize and Transfer the Related Actions to the Western District of Missouri.**

The selection of an appropriate transferee court is based on a balancing test of several factors, none of which is dispositive. *See* Manual of Complex Litigation (Fourth) § 20.131 (2004) (citing Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214-15 (1977). These factors include: the convenience of the parties; the location of the witnesses and evidence; the

minimization of cost and inconvenience to the parties the experience, skill and caseloads of the available judges; and the number and status of cases pending in potential transferee jurisdictions. *See id.; see also In re: Preferential Drugs Prods. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977); *In re: Tri-State Crematory Litig.*, 206 F. Supp. 1376, 1378 (J.P.M.L. 2002).

Here, the balance of the most relevant factors favors the Western District of Missouri for this litigation. First, there is no single district where the majority of parties or witnesses are located. Parties and witnesses are dispersed throughout the United States in this case. For example, brand-name defendant manufacturers are located in New Jersey (Johnson & Johnson Consumer Inc.; Kenvue, Inc.; McNeil Consumer Healthcare; Sanofi-Aventis US LLC), Ohio (Procter & Gamble); Pennsylvania (Bayer Healthcare LLC; GlaxoSmithKline LLC; Church & Dwight Co., Inc.), while generic phenylephrine manufacturing defendants and other sellers are headquartered, for example, in Washington (Amazon), Idaho (Albertsons Companies Inc.), Minnesota (Target), Illinois (Walgreens), Kansas (Associated Wholesale Grocers, Inc. and Value Merchandisers Co.), Pennsylvania (Rite Aid Corporation) and New Jersey (Rickitt Benckiser LLC). While the Western District of Missouri has infrastructure and a location as convenient as any other district for a case with parties and witnesses located across the country, the convenience to parties

and witnesses is a less important consideration for an MDL like this one with no clear center of gravity.

Second, the Western District of Missouri compares favorably to other districts under consideration in the relative skill and caseloads of the judges. According to the latest Judicial Caseload Profile data published by the Administrative Office for the Federal Judiciary (for the 12-month period ending June 30, 2023), the Western District of Missouri reports 466 pending cases per active judgeship, compared to 3,732 pending cases per active judgeship in the District of New Jersey (the second highest of any district court in the country).[4] One reason contributing to the relatively lighter caseloads in the Western District of Missouri is its lack of judicial vacancies for the past year. By comparison, the District of New Jersey has had 25.8 vacant judgeship months in the past year. These factors have helped the Western District of Missouri judges resolve their civil cases quickly compared to their peers in many districts:, only 9.2 percent of pending civil cases in the Western District of Missouri are over three years old, compared to 49.3 percent of pending civil cases over three years old in the District of New Jersey.

The Western District of Missouri also has several experienced and respected jurists with experience as transferee judges for MDLs. Judge Stephen Bough, to

---

[4] Exhibit 2, attaching excerpts from U.S. District Court-Judicial Caseload Profile (available at https://www.uscourts.gov/file/73187/download) (last visited Oct. 10, 2023).

whom the *Wright v. Johnson & Johnson Consumer Inc. et al.,* Case No. 5:23-cv-06120 (W.D. Mo.) has been assigned, is currently serving as the transferee judge for one other MDL, No. 2936, *In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Product Liability Litigation)*, as is Judge Brian Wimes (MDL No. 3073, *In re T-Mobile 2022 Consumer Data Security Breach Litigation)*. In total, the Western District of Missouri currently has four pending MDLs distributed among those three active judges. Meanwhile, the District of New Jersey has 12 pending MDLs assigned to 8 different judges, and its judges currently have the second highest total of pending cases per judgeship of any district in the country. While there are skilled jurists in many districts who could effectively manage this litigation, the data on relative current caseloads provides a compelling argument for transfer of this litigation to the Western District of Missouri.

Finally, Judge Bough, to whom the first of these cases filed in the Western District of Missouri was assigned, appears to be well positioned to handle an MDL of this size and complexity efficiently. Data available on Westlaw shows that he typically rules on motions to dismiss and dispositive motions quickly compared to other judges in the Western District, and that average decision times for such motions are significantly faster in the Western District of Missouri than in the

District of New Jersey.[5] The table below summarizes data available through Westlaw Edge Litigation Analytics for median decision times on dispositive motions for the judges of the Western District of Missouri, and, comparing the median times for all judges within the District of New Jersey and the Western District of Missouri:

| **Median Time for Ruling on Dispositive Motions** | | |
|---|---|---|
| | Motions to Dismiss | Motions for Summary Judgment |
| District of New Jersey | 152 days | 175 days |
| Western District of Missouri | 58 days | 110 days |
| Judge Stephen R. Bough | 37 days | 56 days |
| Judge Beth Phillips | 54 days | 94 days |
| Judge Brian C. Wimes | 88 days | 133 days |

IV.   **CONCLUSION**

For the reasons stated above, the Interested Party Plaintiffs respectfully request that the Panel consolidate, for pretrial purposes, all the Oral Phenylephrine Marketing and Sales Practices Litigation actions and transfer all related actions and subsequently filed tag-along cases to the United States District Court for the Western District of Missouri.

Dated: October 11, 2023

---

[5] See Exhibit 1, attaching reports on median decision times from Westlaw Edge Litigation Analytics, as of October 10, 2023.

Respectfully Submitted,

*/s/ Thomas P. Cartmell*

| | |
|---|---|
| Thomas P. Cartmell | MO Bar #45366 |
| Eric D. Barton | MO Bar #53619 |
| Tyler W. Hudson | MO Bar #53585 |

Wagstaff & Cartmell LLP
4740 Grand Ave., Ste. 300
Kansas City, MO 64112
Telephone: 816-701-1100
Fax: 816-531-2372
tcartmell@wcllp.com
ebarton@wcllp.com
thudson@wcllp.com

| | |
|---|---|
| Robert A. Horn | MO #28176 |
| Joseph A. Kronawitter | MO #49280 |
| Taylor P. Foye | MO #71527 |

HORN AYLWARD & BANDY, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
rhorn@hab-law.com
jkronawitter@hab-law.com
tfoye@hab-law.com

| | |
|---|---|
| Kirk J. Goza | MO #32475 |
| Bradley D. Honnold | MO #39818 |

Goza & Honnold, LLC
9500 Nall Avenue, Suite 400
Overland Park, KS 66207
P:   913.451.3433
F:   913.839.0567
kgoza@gohonlaw.com
bhonnold@gohonlaw.com

**PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing Motion and Brief to Vacate CTO-1 were served on all parties in the following cases electronically via ECF, or as indicated below, on January 7, 2014.

**Wright v. Johnson & Johnson Consumer Inc. et al., WD Missouri No. 5:23-cv-06120**

**Walker v. Johnson & Johnson Consumer Inc. et al., WD Missouri No. 4:23-cv-00663**

Dated: October 11, 2023                            Respectfully Submitted,

*/s/ Thomas P. Cartmell*
Thomas P. Cartmell          MO Bar #45366
Wagstaff & Cartmell LLP
4740 Grand Ave., Ste. 300
Kansas City, MO 64112
Telephone:  816-701-1100
Fax:  816-531-2372
tcartmell@wcllp.com