**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT**
**LITIGATION**

IN RE: Oral Phenylephrine Marketing and Sales
Practices Litigation                                                          MDL No. **3089**

**INTERESTED PARTY RESPONSE OF PLAINTIFFS PACK, JUNG, MCPHEE,**
**VORISE AND CHAVEZ**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the United States

Judicial Panel on Multidistrict Litigation, Plaintiffs Kenneth Levi Pack, Min Ji Jung[1],

Christopher McPhee, Justin Vorise[2] and Richard Chavez[3], by and through their undersigned

counsel ("Plaintiffs") respond to the *Barton* plaintiffs' Motion for Transfer of Actions pursuant

to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings. *See* Dkt. 1. For the

reasons set forth herein, Plaintiffs support coordination or consolidation under 28 U.S.C. § 1407,

however, respectfully submit that the U.S. District Court for the Northern District of California,

under the guidance of the Honorable Jacqueline Scott Corley, is the best-suited transferee district

for this nationwide litigation.

**INTRODUCTION**

Plaintiffs' putative class actions arise out of harm related to Defendants' wrongful conduct

in connection with the marketing, distribution, and sale of over-the-counter cough and cold

products containing the ingredient, phenylephrine ("Phenylephrine Products"). For years,

Defendants marketed and sold the Phenylephrine Products to unsuspecting consumers despite

---

[1] Kenneth Levi Pack and Min Ji Jung are Plaintiffs in the following litigation: *Pack et al. v. Johnson & Johnson Consumer Companies, Inc., et al.* (Case No. 2:23-cv-01965), filed on September 12, 2023, in the Eastern District of California.
[2] Christopher McPhee and Justin Vorise are Plaintiffs in the following litigation: *McPhee et al. v. Johnson & Johnson Consumer, Inc., et al.* (Case No: 3:23-cv-05128) filed on October 6, 2023, in the Northern District of California.
[3] Richard Chavez is a Plaintiff in the following litigation: *Chavez v. Johnson & Johnson Consumer, Inc., et al.* (Case No. 1:23-cv-00883) filed on October 6, 2023, in the District of New Mexico.

1

knowing that phenylephrine, when orally consumed, is entirely ineffective for the treatment of nasal congestion and other cold and flu symptoms for which Defendants promote its use. Indeed, on or about September 12, 2023, the Federal Drug Administration, after careful study and consideration, agreed publicly that phenylephrine is ineffective as a treatment for such symptoms.

As a legal and proximate result of Defendants' deceptive, fraudulent, unlawful, and/or unfair conduct, Plaintiffs and putative class members collectively suffered hundreds of millions of dollars in economic losses as a result of Defendants' false representations concerning the effectiveness of phenylephrine and the Phenylephrine Products. Plaintiffs thus seek to hold Defendants liable for the harm caused by their wrongful conduct in connection with the advertising, marketing, distribution, and sale of Phenylephrine Products.

As of this filing, there are numerous putative class actions filed in different federal jurisdictions against various sellers and manufacturers of Phenylephrine Products. ("All Actions"). All Actions involve common questions of fact and law based on Defendants wrongful conduct in connection with their Phenylephrine Products. Accordingly, Plaintiffs support the transfer of All Actions as well as any tag-along cases subsequently filed involving common questions of fact or law to one district. In doing so, Plaintiffs submit that the U.S. District Court for the Northern District of California under the guidance of Judge Jacqueline Scott Corley is best suited to act as the transferee court to oversee and resolve the pretrial matters in this nationwide litigation.

## ARGUMENT

When civil actions involving one or more questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the Judicial Panel on Multidistrict Litigation ("JPML") authorized by 28 U.S.C. § 1407 upon its determination that transfers for such proceedings will be for the

convenience of the parties and witnesses and will promote the just and efficient conduct of such actions. 28 U.S.C. § 1407(a).

All Actions currently pending share common allegations – namely that Plaintiffs were injured as a result of Defendants' misrepresentations concerning the effectiveness of phenylephrine and their Phenylephrine Products. Therefore, All Actions implicate similar questions concerning manufacturing, advertising, marketing, distributing, and selling of the Phenylephrine Products by Defendants. Common discovery, including but not limited to written discovery, corporate depositions, and expert witnesses, will be necessary and shared among all Plaintiffs. Transfer and coordination or consolidation will avoid duplicative discovery and other duplicative pretrial proceedings. Transfer and consolidation will also reduce the litigation costs. Where consolidation will reduce duplicative and costly discovery proceedings, it is favored. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1379 (J. P. M. L. 2016).

### A. The Proper Transferee Forum Is United States District Court for the Northern District of California Under the Guidance of Judge Jacqueline Scott Corley.

In determining the most appropriate transferee forum, the JPML takes numerous factors into consideration. Among those factors are: (1) convenience of the parties; (2) location of witnesses and other evidence; (3) whether the district is an accessible metropolitan location; (4) experience and management of class actions and complex litigation; (5) the case load of the transferee district; and (6) the number of cases pending in the jurisdiction. *See, e.g., In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*, 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003); *In re Educ. Testing Serv. Prt 7-12 Test Scoring Litig.,* 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004).

Analysis of each of these factors supports transfer of these actions to the Northern District of California under the guidance of Judge Jacqueline Scott Corley. Judge Corley presides in the

Northern District of California in San Francisco which has its own International Airport which experiences an average of one thousand and three hundred (1,300) flights daily. San Francisco has a public transportation system, numerous hotels and conference facilities that are closely situated to the Northern District Courthouse. Therefore the Northern District in San Francisco is readily accessible for all parties, witnesses, and counsel.

Furthermore, California is the most populous state in the country, being home to nearly forty (40) million Americans – roughly twelve (12) percent of the total population of the United States. Since this litigation consists of putative classes that include millions of people across the nation that will make up nationwide classes, it is likely that a significant portion of the overall putative nationwide class members will be California residents.

The Northern District of California, moreover, is the most appropriate transferee forum because it has the requisite judicial resources along with a substantial experience in managing class actions and complex litigation.[4] Given that a significant number of Phenylephrine cases are still likely to be filed, it is anticipated that the Phenylephrine litigation will require a substantial amount of judicial time and energy. Thus, judicial efficiency and just resolution of these actions is best served by transferring these actions to one skilled jurist who will promote the goal of a just resolution in this multidistrict litigation as speedily, inexpensively, and fairly as possible. And here, that is Judge Jacqueline Corley of the Northern District of California.

Judge Corley is an ideal choice to preside over these proceedings because she is an experienced member of the Court, with a history of effectively managing class actions and complex litigation. Judge Corley received her undergraduate degree from the University of

---

[4] As of this filing, there are thirty- six (36) total Judges in the Northern District of California, which include twenty-three (23) Article III Judges. As of September 15, 2023, there are sixteen (16) multidistrict litigation actions pending in the Northern District – eleven (11) of which that are small, consisting of seventy-five or less total actions.

California at Berkeley, and her Juris Doctor from Harvard Law School, magna cum laude, where she was an editor and Articles Chair of the Harvard Law Review. From 1998 through 2009 Judge Corley served as a career law clerk to the Honorable Charles R. Breyer. Prior to being appointed as a U.S. District Judge in January 2022, Judge Corley served as U.S. Magistrate for the Northern District of California for approximately eleven (11) years. She also served on the Northern District of California Alternative Dispute Resolution mediation and early neutral evaluation panels from 2006 through her appointment. Over that time, Judge Corley presided over numerous civil actions. Her judicial experience covers the class, consumer, and product liability commonalities at the center of the facts and law of this litigation.

Judge Corley has significant experience with multidistrict litigation. Most recently, she presided over *In re Qualcomm Antitrust Litigation*, No. 17-md-02773 (N.D. Cal.), which was consolidated in 2017. Following a decision by the Ninth Circuit in a parallel action brought by the Federal Trade Commission action against Qualcomm, Judge Corley was assigned *In re Qualcomm* in April 2022. *In re Qualcomm* was a complex multidistrict litigation comprised of a series of consolidated consumer lawsuits based on federal antitrust and consumer protection laws. Plaintiffs specifically sought to represent millions of cellular device consumers who they alleged overpaid due to Qualcomm's conduct. Plaintiffs further alleged that Qualcomm, a successful company in modern chip manufacturing and cellular patent licensing, used its position at the confluence between chip manufacturing and patent licensing to strife the competition. Despite *In re Qualcomm* involving a multitude of technologically and legally complex issues, Judge Corley efficiently and skillfully resolved the litigation in September 2023 – less than a year and a half after first being assigned the matter.

In addition to presiding over *In re Qualcomm*, Judge Corley also has efficiently and

skillfully managed other complex multidistrict litigations while serving as a Magistrate in the Northern District of California. Specifically, Judge Corley overseen discovery disputes and other pretrial proceedings in the following multidistrict litigation cases: *In re Juul Labs Inc., Marketing, Sales Practices, and Product Liability Litigation.*, No. 19-md-02913 (N.D. Cal.);  *In re Facebook, Inc. Consumer Privacy User Profile Litigation.*, No. 18-md-02843 (N.D. Cal.); *In re Autozone, Inc., Wage and Hour Employment Practices Litigation.*, No. 10-md-02159 (N.D. Cal.); *In re Cathode Ray Tube (CRT) Antitrust Litigation.,* No. 07-md-05944 (N.D. Cal.). Similarly, Judge Corley has significant experience in handling class action litigation, while presiding over the following cases: *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, No. 20-cv-3131 (N.D. Cal.); *In re Pac. Fertility Ctr. Litig.,* No. 18-cv-01586 (N.D. Cal.); *Gonzalez v. Barr*, No. 18-cv-1869 (N.D. Cal.); *Lawson v. Grubhub, Inc*, No. 15-cv-05128 (N.D Cal.); *Ramirez v. TransUnion, LLC*, No. 12-cv-00632 (N.D. Cal.).

Furthermore, Judge Corley is a logical choice to govern this multidistrict litigation because she currently presides over one putative class action involving phenylephrine and Phenylephrine Products, *Taylor v. Procter & Gamble Company* (Case No. 3:23-cv-04909), which was filed in the Northern District on September 25, 2023.[5] As a result, Judge Corley may have some familiarity with the background of this litigation, which is yet another factor favoring transfer and coordination or consolidation of All Actions and any future tag-along actions in the Northern District under her guidance.

Accordingly, Judge Corley has the experience, ability, and skill to properly steer this complex litigation. Judge Corley's track record of efficiently and successfully managing large and

---

[5] At the time of filing their complaint, on October 6, 2023, Plaintiffs McPhee and Vorise informed the Northern District of California of this related case. Plaintiffs expect Judge Corley will be assigned their case also, since she presides over this related case, which has a lower case number than their case.

complicated multidistrict litigations along with class actions demonstrates that she is exceptionally equipped and qualified to preside over this complex litigation.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully requests that the Panel consolidate, for pretrial purposes, all the actions and transfer all actions on the original Schedule of Actions, all related actions, and all subsequently filed tag-along cases to the United States District Court for Northern District of California under the guidance of Judge Jacqueline Scott Corley, for centralization pursuant to 28 U.S.C. § 1407.

Dated: October 19, 2023                          Respectfully submitted,


                                                 */s/ Andrew D. Bluth*
                                                 Andrew D. Bluth (CA Bar No. 232387)
                                                 Christopher R. Rodriguez (CA Bar No. 212274)
                                                 SINGLETON SCHREIBER LLP
                                                 1414 K Street, Suite 470
                                                 Sacramento, CA 95834
                                                 Telephone: (916) 248-8478
                                                 Facsimile: (619) 255-1515
                                                 abluth@singletonschreiber.com
                                                 crodriguez@singletonschreiber.com

                                                 Kevin S. Hannon (CO Bar No. 16015)
                                                 SINGLETON SCHREIBER LLP
                                                 1641 N. Downing Street
                                                 Denver, CO 80218
                                                 Telephone: (303) 888-8800
                                                 khannon@hannonlaw.com

                                                 ***Counsel for Plaintiffs Levi Kenneth Pack, Min Ji
                                                 Jung, Christopher McPhee, Justin Vorise and
                                                 Richard Chavez***