**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: Oral Phenylephrine Litigation Marketing and Sales Practices Litigation** | **MDL No. 3089** |

**INTERESTED PARTY RESPONSE OF PLAINTIFFS CRONIN AND OZUZU**

## I.     INTRODUCTION

Pursuant to 28 U.S.C. §1407 and Rule 6.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs Robyn Cronin[1] and Chioma Ozuzu[2] (hereinafter, "Plaintiffs") submit this Interested Party Response in further support of the Motion for Transfer of Actions for Coordinated Pretrial Proceedings (hereinafter "Motion").

Consolidation is appropriate where, as here, common questions of fact and law abound, transfer will further the convenience of the parties and witnesses, promote the just and efficient conduct of these actions and serve the goals of judicial economy, thereby advancing the overall interests of the Court. Plaintiffs agree with the Initial Movant that consolidation is appropriate but submit that, if the Motion is granted, the United States District Court for the Eastern District of New York ("EDNY") is best suited to act as the transferee court to oversee and resolve the pretrial matters in this litigation.

## II.     BACKGROUND

From September 11-12, 2023, the U.S. Food and Drug Administration ("FDA") held a Non-prescription Drug Advisory Committee ("Committee") Meeting.  The purpose of the meeting

---

[1] Plaintiff Robyn Cronin is the named plaintiff in the putative class action case of *Cronin v Johnson & Johnson Consumer Inc., et al.* Case No.: 2:23-cv-06870
[2] Plaintiff Chioma Ozuzu is the named Plaintiff in the putative class action case of *Ozuzu v. Kenvue, Inc., et al.* Case No.: 1:23-cv-07395

was to discuss the effectiveness of oral phenylephrine, the active ingredient in various over-the-counter cough and cold products, including, but not limited to, Tylenol Cold & Flu Severe, Mucinex Sinus-Max and Benadryl Allergy D Plus. Oral phenylephrine has been recognized as safe and effective, as evidenced in an OTC monograph.  The Committee reviewed previously submitted data and more recent data in connection with the efficacy of oral phenylephrine. At the conclusion of the meeting, the Committee unanimously voted that the current peer-reviewed scientific data do not support that the recommended dosage of orally administered phenylephrine is effective as a nasal decongestant.[3]

Centralization and coordination in the EDNY are appropriate.  Only two (2) MDL proceedings are in the EDNY, totaling less than 1,000 cases between them.[4]  While the Initial Movant and other respondents requested alternate forums overseen by able Jurists, Plaintiffs hereby respectfully request that these cases be consolidated in the EDNY for the reasons discussed.

### III.   ARGUMENT

28 U.S.C. §1407(a) authorizes the transfer of civil actions pending in different federal district courts to a single federal district court for coordinated or consolidated pretrial proceedings so long as this Panel determines that the cases involve common questions of fact, that the transfer will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation.

Considering the numerous common questions of fact and law involved in these cases, it is respectfully submitted that consolidation is appropriate and will benefit the parties and the court. In addition to significant financial savings, transfer and consolidation will promote the

---

[3] *See* https://www.fda.gov/drugs/drug-safety-and-availability/fda-clarifies-results-recent-advisory-committee-meetin-oral-phenylephrine.
[4] *See* *https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-October-16-2023.pdf*

convenience of the parties and efficiency during pretrial proceedings. Duplicative discovery will be eliminated and there will be no risk of inconsistent judicial rulings. *See In re Actos Products Liability Litigation* 840 F.Supp.2d 1356 (J.P.M.L. 2011).

> **A.   Transfer and Consolidation for Coordinated Pretrial Proceedings Will Further the Goals of 28 U.S.C. §1407.**

Common questions of fact exist, and may be presumed, where two or more complaints assert comparable allegations against similar defendants based on similar transactions and events *See In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales, Practices, and Products Liab. Litig.*, 704 F. Supp. 2d 1379, 1381 (J.P.M.L. 2010). Here, each complaint is based on allegations that defendants' orally administered phenylephrine-containing products do not work as advertised to relieve nasal decongestion in violation of various statutes and common law. In addition, the complaints allege similar legal theories and seek certification of similar classes and/or subclasses.

Further, where consolidation will necessarily avoid the risk of duplicative, redundant, and costly discovery proceedings, it is favored. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.,* 330 F.Supp.3d 1378, 1379 (J.P.M.L. 2016). Here, while there are multiple products at issue, they all involve common questions of fact. *See, e. g. In re: Johnson & Johnson Sunscreen Mktg., Sales Pract. And Prods. Liab. Litig.,* 568 F.Supp.3d at 1413-14; *In re: Abbott Infant Formula Prods. Liability Litig.,* 2022 WL 3134144, at *1-2; *In re: Fluoroquinolone Prods. Liab. Litig.,* 122 F. Supp. 3d at 1379.

**B.    The Eastern District of New York Is the Most Appropriate Transferee Forum for This Litigation.**

To determine the most appropriate forum for centralization under 28 U.S.C.§1407, relevant factors include "the site of the occurrence of the common facts, where the cost and inconvenience will be minimized and the experience, skill, and caseloads of available judges."  Manual for Complex Litigation 20.131 (4th Ed. 2016).   Here, all factors are met for the EDNY.

First, the products at issue were developed and manufactured mainly in the Northeast.  For example, Defendants Reckitt Benckiser, Johnson & Johnson Consumer Inc., Kenvue, Inc., and McNeil Consumer Healthcare are all headquartered in New Jersey.  Defendant Procter & Gamble is headquartered in Ohio while Defendants GlaxoSmithKline LLC and Bayer Healthcare LLC are headquartered in Pennsylvania.  Manufacturing headquarters in relation to the site of the MDL was persuasive when this Panel transferred all actions in *In Re: Acetaminophen-ASD/ADHD Products Liability Litigation* to the Southern District of New York, the sister district of the EDNY.  *In Re: Acetaminophen-ASD/ADHD Products Liability Litigation,* 637 F.Supp.3d 1372, 1373 (J.P.M.L. 2022).   Specifically, in its order supporting consolidation in the SDNY, the Panel stated "Many of the manufacturers supplying the retailer defendants are based in or near New York, and thus significant common evidence is expected to be located in this area."  *Id.* at 1376. The same rationale holds true here.

Second, Plaintiffs seek consolidation in the EDNY because its docket is less congested than other Districts, with 608 pending civil cases per judgeship.[5]  Furthermore, as this Panel recognized less than one (1) year ago, "The Eastern District of New York…is a relatively underutilized transferee district." *In Re: Exactech Polyethylene Orthopedic Products Liability Litigation,* 637 F.Supp.3d 1381 (J.P.M.L. 2022).   The fact that the EDNY was "relatively

---

[5] *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf.

underutilized" did not preclude the Panel from assigning the *Exactech* MDL to Senior Judge Nicholas Garaufis.  *Id.* Since the *Exactech* MDL consolidation, no new MDLs have been transferred to the EDNY.

Third, the EDNY is easily accessible by air, rail, and automobile.  While the location of the forum is not dispositive to this Court's ultimate transfer decision, it is an important factor.  For example, this Court stated that the EDNY "provides a convenient and accessible forum…in which actions have been filed throughout the country regarding a product that was marketed nationwide." *See In re Propecia (Finasteride) Prods. Liab. Litig.* 856 F.Supp.2d 1334 (J.P.M.L. 2012).  Further, the *Propecia* panel recognized the convenience of the EDNY to New Jersey-based manufacturers, such as Merck, and held "Because Merck is headquartered in nearby Whitehouse Station, New Jersey, the Eastern District of New York is close to where relevant evidence and witnesses are likely located."  *Id.*  Here, with cases filed from coast to coast concerning a wide range of products marketed nationally involving defendants headquartered nationally, with a large share of them in New Jersey, centralizing cases in a central and accessible location such as the EDNY is highly relevant.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Honorable Panel enter an Order pursuant to 28 U.S.C. §1407 to consolidate and transfer all pending actions, as well as any tag-along actions, to the Eastern District of New York.

Dated: October 24, 2023

Respectfully submitted,

**PARKER WAICHMAN LLP**

/s/ Raymond C. Silverman
Raymond C. Silverman
Melanie H. Muhlstock
Jason S. Goldstein
6 Harbor Park Drive
Port Washington, New York 11050
Tel.: 516.466.6500 | Fax: 516.466.6665
jgoldstein@yourlawyer.com
rsilverman@yourlawyer.com
mmuhlstock@yourlawyer.com

*Counsel for Plaintiffs Robyn Cronin and Chioma Ozuzu*