BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION | MDL No. 3089 |

### INTERESTED PARTY RESPONSE OF PLAINTIFF JAMES CARRIGAN

Plaintiff, JAMES CARRIGAN ("Plaintiff"), named plaintiff in the putative class action *Carrigan, et al. v. Johnson & Johnson, et al.*, Case No.: 2:23-cv-1481 (D. Wa.),[1] submits this interested party response in support of Movants Erin Barton et al. ("Movants") Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, Dkt. No. 1 (the "Motion"). Plaintiff supports transfer of this action for the purposes of consolidated pretrial proceedings, but submits that the Eastern District of Pennsylvania under the Honorable Kai Niambi Scott is the more appropriate and convenient transferee court.

I.   **TRANSFER IS APPROPRIATE UNDER 28 U.S.C. § 1407**

Plaintiff agrees with Movants that transfer for the purposes of coordination or consolidation is appropriate under 28 U.S.C. § 1407. As discussed by Movants and other parties seeking centralization, all forty-eight (48) pending related cases involve common questions of fact, mainly the ineffectiveness of oral phenylephrine to treat nasal decongestion, and overlapping questions of law. Further, similar to this proposed MDL, this Panel has centralized numerous drug efficacy and/or contamination cases involving numerous manufacturers, marketers, distributers, and

---

[1] Plaintiff has brought suit against Defendants The Procter & Gamble Company, Johnson & Johnson, and Walgreen Co.

1

sellers.[2]

Centralized proceedings will conserve judicial time and resources. Specifically, there are numerous overlapping cases spread across at least fourteen (14) states including California, Florida, Illinois, Kansas, Louisiana, Minnesota, Missouri, New Jersey, New York, Ohio, Oregon, Pennsylvania, Rhode Island, and Washington involving manufacturer and/or retailer defendants headquartered in thirteen (13) states. Consequently, centralization will ensure uniform, efficient oversight, avoiding conflicting outcomes and preserving judicial resources.

## II. THE ACTIONS SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA BEFORE THE HON. KAI NIAMBI SCOTT

Plaintiff submits that the Eastern District of Pennsylvania, more specifically the Honorable Kai Scott, is an appropriate and convenient transferee court/Judge to oversee this matter. The Eastern District of Pennsylvania compares favorably from a caseload perspective to other potential northeastern U.S.[3] The Honorable Kai Scott presides over the Eastern District of Pennsylvania's first-filed case: *Parker v. Rite Aid Corporation, et al.*, No. 23-3663 (E.D. Pa. filed Sep. 20, 2023). Judge Scott is a capable jurist who is well-suited to oversee these actions, and is not currently overseeing any other MDL. Philadelphia (where various defendants are either headquartered

---

[2] *See, e.g.*, In re Acetaminophen – ASD/ADHD Products Liab. Litig., MDL No. 3043 (multiple defendant retail sellers); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924 (multiple defendant manufacturers and retail sellers); *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, MDL No. 2875) (multiple defendant manufacturers, wholesalers, and retail sellers).

[3] There are 63,445 pending cases in the District of New Jersey versus 8,155 in the Eastern District of Pennsylvania. See FEDERAL COURT MANAGEMENT STATISTICS, COMBINED CIVIL AND CRIMINAL FEDERAL COURT MANAGEMENT STATISTICS (June 30, 2023), at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/06/30-3. Further, the District of New Jersey already currently has a large number of sprawling, actively litigated, and resource-intensive MDLs, including the *Talcum Powder* litigation (MDL No. 2738), *Valsartan* litigation (MDL No. 2875), *Breast Implant* litigation (MDL No. 2921), and *Insulin Pricing* litigation (MDL No. 3080). Most MDLs in the Eastern District of Pennsylvania, by contrast, are well-advanced or concluding (except one, MDL No. 3074).

and/or have significant operations) supports the convenience-of-travel factors in favor of the Eastern District of Pennsylvania.

For all of the aforementioned reasons, transfer for the purposes of coordinated or consolidated pretrial proceedings to the Eastern District of Pennsylvania before the Honorable Kai Niambi Scott is appropriate.

October 25, 2023    Respectfully submitted,

**KU & MUSSMAN, P.A.**

By: */s/ Brian T. Ku*
Brian T. Ku
18501 Pines Blvd. Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
brian@kumussman.com

*Counsel for Plaintiff James Carrigan*