BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION | MDL No. 3089 |
|---|---|

**PLAINTIFFS NATASHA HERNANDEZ, JORDAN NELSON, AND REGINA PERALTA'S RESPONSE IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

Plaintiff Natasha Hernandez, the plaintiff in *Hernandez v. Johnson & Johnson Consumer, Inc.*, No. 3:23-cv-04817 (N.D. Cal.), and Plaintiffs Jordan Nelson and Regina Peralta, the plaintiffs in *Nelson et al. v. Johnson & Johnson Consumer, Inc. et al.*, No. 4:23-cv-04875 (N.D. Cal.), (collectively, "Plaintiffs") by and through their undersigned counsel, respectfully submit this memorandum in support of plaintiffs Erin Barton, Sam Gallo, Kimberly Buscaglia, and Francis Catanese's Motion For Transfer And Coordination Or Consolidation Pursuant To 28 U.S.C. § 1407. Plaintiffs agree that the pending actions in this multidistrict proceeding should be transferred and coordinated or consolidated for pretrial proceedings in the District of New Jersey. In the alternative, Plaintiffs propose full consolidation in the Eastern District of New York, as discussed below.

In determining whether centralization is proper, the Panel considers whether (i) the actions "involv[e] one or more common questions of fact," (ii) transfer will further "the convenience of the parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of the action." 28 U.S.C. § 1407(a). All such factors are met here and support consolidation of the actions in the United States District Court for the District of New Jersey, or in the alternative, the United States District Court for the Eastern District of New York.

**ARGUMENT**

I. **CENTRALIZATION IS WARRANTED BECAUSE THERE ARE COMMON QUESTIONS OF FACT IN ALL ACTIONS, AND CENTRALIZATION WILL PROMOTE JUDICIAL EFFICIENCY**

*First*, all actions concern the same or similar questions of fact regarding the lack of efficacy in over-the-counter nasal decongestant medications. Specifically, all these cases will focus on the efficacy of phenylephrine in nasal decongestant products and whether Defendant knew or should have known that the medications were ineffective at treating nasal congestion when taken orally. *See In re: NBTY, Inc., Ginkgo Biloba Marketing and Sales Practices Litigation*, 100 F.Supp.3d 1383, 1383 (J.P.M.L. 2015) ("These actions share common factual questions regarding defendants' statements about the efficacy of Ginkgo Biloba."); *In re Swine Flue Immunization Products Liability Litigation*, 446 F.Supp. 244, 246 (J.P.M.L. 1978) ("[W]e are persuaded that all these actions involve substantial common questions of fact concerning the development production, testing and administration of the swine flu vaccine.").

Further, at this time, there are at least forty-eight actions from fifteen (15) different districts involving similar allegations, which is more than sufficient to support consolidation. *In re Wesson Oil Mktg. & Sales Practices Litig.*, 818 F. Supp. 2d 1383, 1383 (J.P.M.L. 2011) (ordering transfer and consolidation where six related cases in two separate districts were before the Panel); *In re American General Life & Acc. Ins. Co. Retiree Benefits "ERISA" Litigation*, 387 F. Supp. 2d 1361, 1363 (J.P.M.L. 2005) (ordering transfer and consolidation where seven related cases in five separate districts were before the Panel); *In re Allergan BIOCELL Textured Breast Implant Products Liability Litigation*, 412 F. Supp. 3d 1361, 1362 (J.P.M.L. 2019) (ordering transfer and consolidation where four related actions in four separate districts were before the Panel). As such, the first factor favors centralization.

*Second*, centralization would be more convenient for the parties and witnesses than litigating the actions separately. The Panel has found that the convenience requirement is met when transfer and consolidation "will eliminate duplicative discovery, the possibility of inconsistent rulings on class certification and other pretrial matters, and conserve judicial and party resources." *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, 412 F. Supp. 3d 1344, 1346 (J.P.M.L. 2019); *see also In re: Capacitors Antitrust Litig. (No. III)*, 285 F. Supp. 3d 1353, 1355 (J.P.M.L. 2017) (transferring actions where centralization "will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary"); MULTIDISTRICT LITIGATION MANUAL (Fourth), § 20.131 (2010) ("The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."). Absent centralization, duplicative discovery and motion practice would take place in courts across the country due to the similar factual and legal issues presented by the actions, including that the actions stem from the recent U.S. Food & Drug Administration advisory panel decision, concern the ineffectiveness of phenylephrine in the nasal decongestant products when taken orally, and discuss whether defendants knew or should have known about the ineffectiveness of the product. *See In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Products Liability Litigation*, 363 F. Supp. 3d 1378, 1380-81 (J.P.M.L. 2019) ("*In re Valsartan*") ("All actions involve common factual questions arising out of allegations that plaintiffs purchased or used generic formulations of valsartan medications containing the nitrosamine impurities NDMA … and that defendants knew, or should have known, of the impurities as early as 2012. All actions stem from the same

FDA investigation and voluntary recall announced in July 2018, and the voluntary recalls are ongoing.").

Moreover, the parties would likely have difficulty informally coordinating among themselves due to the substantial number of defendants involved in the actions. *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, 637 F.Supp.3d 1377, 1379 (J.P.M.L. 2022) ("[W]e disagree that the parties can effectively informally coordinate the more than twenty actions that name multiple defendants.") As such, the second factor clearly supports centralization.

## II.   CENTRALIZATION IN THE DISTRICT OF NEW JERSEY IS PROPER

Centralization in the District of New Jersey will promote the just and efficient use of judicial resources and substantially reduce litigation costs. There are at least nine actions currently pending within the District of New Jersey. *Barton et al. v. Reckitt Benckiser LLC et al.*, No. 2:23-cv-20370 (D.N.J.); *McWhite v. Johnson & Johnson Consumer, Inc.*, No. 3:23-cv-20379 (D.N.J.); *Rourk v. Haleon, PLC*, 3:23-cv-20478 (D.N.J.); *Kleinman v. Bayer Health Care, LLC*, No. 2:23-cv-20480 (D.N.J.); *Lawrence v. Johnson & Johnson Consumer, Inc.*, No. 3:23-cv-20551 (D.N.J.); *Striegel v. RB Health (US) LLC*, No. 2:23-cv-20552 (D.N.J.); *Joyner v. Johnson & Johnson Consumer, Inc.*, No. 3:23-cv-20558 (D.N.J.); *Scoffier v. RB Health (US) LLC*, No. 2:23-cv-20529 (D.N.J.); *Thomas et al. v. Kenvue, Inc. et al*, No. 3:23-cv-20895 (D.N.J.).

Moreover, the District of New Jersey is a convenient forum for an MDL, such as this one, that is nationwide in scope and will require ease of transport for counsel and parties from across the United States. *See In re Insurance Brokerage Antitrust Litigation*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005) ("In concluding that the District of New Jersey is an appropriate forum for this docket, we note that [] the district offers an accessible metropolitan location that is geographically convenient for many of this docket's litigants and counsel."); *see also In re*

*Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, 220 F.Supp.3d 1356, 1359 (J.P.M.L. 2016) ("We select the District of New Jersey as the appropriate transferee district for this litigation.  The district is a convenient and accessible forum for this nationwide litigation.").

Further, a number of the defendants at issue in the actions have their principal place of business located within New Jersey or New York, making the District of New Jersey a convenient forum for witnesses and evidence.  *See In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, 220 F.Supp.3d 1356, 1359 (J.P.M.L. 2016) ("As Johnson & Johnson is headquartered in New Jersey, relevant evidence and witnesses likely are located in the District of New Jersey."); *In re Nickelodeon Consumer Privacy Litigation*, 949 F.Supp.2d 1377, 1377-78 (J.P.M.L. 2013) ("We are persuaded that the District of New Jersey is an appropriate transferee district for this litigation.  The district is a convenient and accessible forum, relatively close to potential witnesses and evidence located in New Jersey and New York City."); *In re Valsartan*, 363 F.Supp.3d at 1382 ("The District of New Jersey is an appropriate transferee district for this litigation…. Many of the defendants have their U.S. headquarters in New Jersey…. Thus, common documents and witnesses likely will be located in this district.").

Thus, the third factor weighs in favor of centralization in the District of New Jersey.

### III. IN THE ALTERNATIVE, CENTRALIZATION IN THE EASTERN DISTRICT OF NEW YORK IS PROPER

In the alternative, centralization in the Eastern District of New York will also serve the convenience of the parties and witnesses, and promote just and efficient conduct of the action. There are at least five actions currently pending within the Eastern District of New York. *Cronin v. Johnson & Johnson Consumer Inc. et al*, No. 2:23-cv-06870 (E.D.N.Y.); *Yousefzadeh v.*

5

*Johnson & Johnson Consumer Inc.*, No. 2:23-cv-06825 (E.D.N.Y.); *Boonparn v. RB Health (US) LLC*, No. 1:23-cv-06936 (E.D.N.Y.); *Coyle v. GlaxoSmithKline LLC et al*, No. 1:23-cv-07311 (E.D.N.Y.); *Ozuzu v. Kenvue Inc. et al*, No. 1:23-cv-07395 (E.D.N.Y.).

In addition, the Eastern District of New York is an appropriate forum for this MDL because the district is geographically convenient for a substantial number of the parties and the district has been found by the Panel to have the proper resources to uphold large MDLs. *See In re Tamoxifen Citrate*, 196 F.Supp.2d 1371, 1373 (J.P.M.L. 2001) ("In concluding that the Eastern District of New York is the appropriate forum for this docket, we note that i) the forum is geographically convenient *vis-à-vis* the location of principal parties to this docket … and iii) centralization in this district permits the Panel to effect the Section 1407 assignment to a court with the resources that this docket is likely to require."); *In re Air Cargo Shipping Services Antitrust Litigation*, 435 F.Supp.2d 1342, 1344 (J.P.M.L. 2006) ("We are persuaded that the Eastern District of New York is an appropriate transferee forum for this litigation.  Several defendants have a presence and conduct substantial business in the Eastern District of New York, and some relevant witnesses and documents may be located there.  Moreover, this district provides a locale that is both easily accessible and enjoys the support of numerous parties to this litigation."); *In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litigation*, 949 F.Supp.2d 1358, 1359 (J.P.M.L. 2013) ("We are persuaded the Eastern District of New York is the most appropriate transferee district for this litigation…. The district also has the capacity to manage this litigation efficiently and is both convenient and accessible to all parties.").

Thus, the third factor weighs in favor of centralization in the Eastern District of New York.

**CONCLUSION**

For the reasons stated above, and the reasons set forth in plaintiffs Erin Barton, Sam Gallo, Kimberly Buscaglia, and Francis Catanese's Motion For Transfer And Coordination Or Consolidation Pursuant To 28 U.S.C. § 1407, Plaintiffs respectfully request that the Panel grant the present Motion for Transfer, and enter an Order transferring all related actions, as well as any related cases that may be filed subsequently, to the District of New Jersey for coordination or consolidation pursuant to 28 U.S.C. § 1407. In the alternative, Plaintiffs respectfully request that the Panel enter an Order transferring all related actions, as well as any related cases that may be filed subsequently, to the Eastern District of New York for coordination or consolidation pursuant to 28 U.S.C. § 1407.

Dated: October 25, 2023     Respectfully submitted,


By:     /s/ Sarah N. Westcot
        Sarah N. Westcot


**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
701 Brickell Ave., Suite 1420
Miami, FL  33131-2800
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: swestcot@bursor.com

*Counsel for Plaintiffs Natasha Hernandez, Jordan Nelson, and Regina Peralta*