BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION | MDL NO. 3089 |

### INTERESTED PARTY PETITION AND MEMORANDUM OF PLAINTIFF JESSICA THOMPSON IN RESPONSE TO *BARTON* PLAINTIFFS' MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. § 1407

Interested Party Plaintiff Jessica Thompson ("Plaintiff Thompson"), respectfully submits this Interested Party Petition ("IPP") in response to the *Barton* Plaintiffs' Motion for Transfer of Actions for Coordinated and Consolidated Pretrial Proceedings. Plaintiff Thompson agrees that transfer is useful, necessary, and supported by numerous common questions of fact and law in the Oral Phenylephrine Marketing and Sales Practices Litigation related actions ("Phenylephrine Actions"). Plaintiff Thompson submits that all pending Actions be transferred to the Western District of Washington.

## INTRODUCTION

Plaintiff Jessica Thompson filed her underlying action *Jessica Thompson v. Reckitt Benckiser, LLC*, Civil Action No. 2:23-cv-01606 in the Western District of Washington on October 19, 2023. Plaintiff seeks to represent classes of consumers who purchased Reckitt Benckiser's Mucinex Nightshift Sinus Products—products containing the active ingredient phenylephrine which has been found by the FDA to lack efficacy. Plaintiff seeks damages for economic loss sustained by herself and the putative classes for their purchase of Reckitt Benckiser's ineffective nasal decongestant products. Plaintiff's causes of action include violation of Washington's consumer protection statute, negligent misrepresentation, and unjust enrichment.

The Phenylephrine Actions involve common questions of fact and law and should therefore be transferred to one district for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re: Wright Medical Technology, Inc., Conserve Hip Implant Prod. Liab. Litig.*, 844 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012) (finding centralization necessary where the actions involved common questions of fact, centralization served the convenience of the parties and witnesses, and centralization promoted the just and efficient conduct of the litigation). Coordinated and consolidated pretrial proceedings would be for the convenience of the parties and witnesses and would promote the just and efficient conduct of such actions.

**ARGUMENT**

**I.  TRANSFER, COORDINATION, AND CONSOLIDATION OF ALL PHENYLEPHRINE ACTIONS IS APPRROPRIATE UNDER 28 U.S.C. § 1407.**

Plaintiff Thompson agrees with the *Barton* Plaintiffs that transfer, coordination, and consolidation of these cases is appropriate as many common questions of fact and law exist. The actions will involve much of the same core discovery, fact witnesses, and general liability and causation experts. Almost every action seeks class certification in some form and alleges phenylephrine manufacturers' misrepresentations with respect to the sale of their nasal decongestant products. The cases will involve common questions of fact and law, including similar factual allegations, the same injury (purchase of an ineffective product), the same factual allegations regarding general causation, and similar theories of liability surrounding the manufacturer defendants' misrepresentations.

Plaintiff Thompson agrees that transfer for pretrial purposes would serve "the convenience of the parties and witnesses" and "promote the just and efficient conduct of the actions" as required by 28 U.S.C. § 1407. Due to the number of cases expected to be filed in various federal courts across the United States, the number of cases that have already been filed, and the number and rate

of expected filings, Plaintiff Thompson agrees that all pretrial proceedings should be coordinated and consolidated for the just and efficient adjudication of these actions. Without centralization of pretrial proceedings there will be duplication of discovery, witnesses, and theories of liability. Conversely, centralization allows expert depositions to be taken once, documents to be produced once, and minimizes travel for all parties involved, including the manufacturer defendants as they will only have to appear in one court.

The Panel routinely recognizes that consolidating litigation in one court benefits both plaintiffs and defendants. Specifically, consolidation strikes a balance between allowing the defendants to conduct discovery only once and entitling the plaintiffs to coordinate their efforts and share their work with other plaintiffs' counsel. *See In re Baldwin-United Corp. Lit.*, 581 F. Supp. 739 (M.D.L. 1984). "And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned." *Id.* at 741 (citing *In re Nissan Motor Corporation Antitrust Lit.*, 385 F. Supp. 1253, 1255 (M.D.L. 1974)). Consolidation of these actions will save both sides and the court countless resources by streamlining the litigation in one forum. A centralized litigation promotes the conservation of judicial resources, as well as the parties' resources because there will be little to no duplication of pretrial discovery.

Without centralization, there is a risk of inconsistent adjudications that will result in conflicting decisions. If separate courts are concurrently reviewing separate motions related to the same procedural documents in this litigation, this presents a serious and real risk of inconsistent rulings. The Panel routinely centralizes cases in order to avoid conflicting decisions and inconsistent rulings. *See generally In re Brown Co. Sec. Lit.*, 325 F. Supp. 307, 308 (J.P.M.L. 197)

(noting that transfers are practically compelled so as to avoid overlapping or inconsistent class action rulings.); *In re Career Acad. Antitrust Lit.*, 57 F.R.D. 569, 571 (E.D. Wis. 1972); *In re Pharmacy Benefit Managers Antitrust Lit.*, 425 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006) (noting that centralization is desirable to avoid duplicative discovery and to prevent inconsistent or repetitive pretrial rulings).

Transfer, coordination, and consolidation of the Phenylephrine Actions to one district court is appropriate under 28 U.S.C. § 1407. Transfer will ensure the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions.

### A. *The Panel Should Transfer the Phenylephrine Actions to the Western District of Washington.*

The Panel generally considers six factors in determining the appropriate venue for a transferee court: (1) where the largest number of cases is pending, (2) where discovery has occurred, (3) where cases have progressed furthest, (4) the site of the occurrence of the common facts, (5) where the cost and inconvenience will be minimized, and (6) the experience, skill, and caseloads of available judges. *See In re Eastern Airline's Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764–65 (J.P.M.L.1975) (weighing the size of each potential transferee court's civil action docket).

Dozens of attorneys have filed over fifty Phenylephrine Actions throughout the United States. More will undoubtedly be filed. Given the number of actions and individual defendants, coupled with the size and scope of the proposed MDL, the Western District of Washington is an appropriate venue. There are currently no pending MDLs in the Western District of Washington. The number of pending non-MDL civil cases per judgeship is only 428. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf. The Western District of Washington is also an accessible and convenient district with ample public

transportation connected to Seattle-Tacoma International Airport. These factors support the Western District of Washington as a favorable district to oversee the pretrial proceedings of the Phenylephrine Actions.

## CONCLUSION

WHEREFORE, Plaintiff Thompson respectfully requests, pursuant to 28 U.S.C. § 1407, that the Panel enter an Order transferring the pending actions, as well as any phenylephrine related actions that might later be filed, to the Western District of Washington for coordinated and consolidated pretrial proceedings.

Dated: October 25, 2023          Respectfully submitted,

*/s/ Jacob R. Rusch*
Jacob R. Rusch (MN Bar No. 0391892)
**JOHNSON BECKER PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 (phone)
(612) 436-4801 (fax)
jrusch@johnsonbecker.com

*Attorneys for Plaintiff Thompson*