BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In re:* ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) | **MDL Docket No. 3089** |

**INTERESTED PARTY RESPONSE AND MEMORANDUM OF PLAINTIFF IN SUPPORT OF CENTRALIZED RELATED CASES PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Interested Party Plaintiff and Respondent (hereinafter "Respondent"), KRISTIN DEPAOLA respectfully submits this Interested Party Petition to Transfer Related Cases for Consolidated Pretrial Proceedings. Respondent agrees that transfer is useful, necessary, and supported by numerous common questions of fact and law in the Oral Phenylephrine Marketing and Sales Practices Litigation. Respondent believes that all pending actions should be transferred to and consolidated in the United States District Court for the Northern District of Illinois, and in the alternative in the Eastern District of New York or in the alternative the Northern District of Illinois.

### INTRODUCTION

For purposes of centralization, Respondent incorporates by reference all arguments articulated in *Memorandum in Support of Plaintiffs' Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings* by Plaintiffs Erin Barton, Sam Gallo, Kimberly Buscaglia, and Francis Catanese. Respondent agrees that agrees that transfer and coordination or consolidation is appropriate given the common legal and factual issues the cases share. Transfer will avoid inconsistent rulings, preserve judicial and party resources, and aid in the efficient resolution of these cases.

1

Defendants are the manufacturers, sellers, distributors, and/or marketers of oral phenylephrine products sold over the counter to United States consumers including Respondent. In the last year alone, there were nearly $1.8 billion in sales of oral phenylephrine products across approximately 250 separate products, all of which are marketed and sold as nasal decongestants. However, oral phenylephrine products are no more effective than placebos at promoting nasal decongestion. Defendants knew that oral phenylephrine was ineffective as a decongestant but continued to market their products for this purpose, selling millions of these products to consumers including Respondent. Plaintiffs in this litigation allege that these sales are deceptive, violate consumer protection laws of , breach warranties, and are otherwise illegal.

## ARGUMENT

**I.     Consolidation is appropriate given the number of related actions pending and the likelihood of additional actions to be filed.**

Consolidation is warranted given the number of actions already pending, the likelihood that additional actions will be filed, and the common questions of fact and law they share. As of the date of filing, Respondent understands there to be at least 61 cases filed in more than 15 jurisdictions. Respondent anticipates that there will be hundreds, if not thousands, more to follow. In the last year alone, there were approximately $1.8 billion in sales of oral phenylephrine across 250 separate products made by numerous manufacturers headquartered throughout the country. Millions of consumers in the United States purchase oral phenylephrine products for use as decongestants every year. In short, this Litigation is expected to be massive in scope.

The threshold requirement of Section 1407 is that there be questions of fact and law common to the cases for which MDL treatment is sought. Commonalities in factual and legal questions need not be complete, nor even the majority, to merit transfer. *In re Katz Interactive Call Processing Pat. Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007). "[I]ndividualized factual

issues" do not "negate the efficiencies to be gained by centralization." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017).

The Actions here share a number of common factual and legal questions. The claims in each of those actions arise from the same course of conduct by the defendants. Among the numerous common issues of fact are:

- Defendants manufacture and sell oral decongestants containing phenylephrine;
- Oral phenylephrine is not an effective decongestant;
- Defendants knew that oral phenylephrine products are not effective decongestants but sold them anyway;
- Defendants are liable to Respondent and all other purchasers of oral phenylephrine products.

In addition to these common questions of fact and law, all of these actions are in the very early stages of litigation. In fact, the first case in this litigation was just filed this fall. In light of the number of cases filed, the number of cases to be filed, the infancy of the litigation and the number of issues common to all of the cases merits consolidation into an MDL.

## II.   The United States District Court for the Northern District of Illinois is the Most Suitable Forum

The United States District Court for the Northern District of Illinois is a suitable forum and specifically, Judge Matthew Kennelly in that District has a demonstrated record of overseeing complex multidistrict litigations like this one.

First, this litigation involves several defendants and many products. To the end, this is not an appropriate case for an inexperienced MDL judge. Judge Kennelly is an experienced jurist with

over two decades' experience on the federal bench.[1] This experience includes, most recently and relevant to this Panel's decision, management of the Testosterone multidistrict litigation (MDL 2545), a highly complex multi-defendant multidistrict litigation involving multiple products and multiple defendants. Given the anticipated scope of this litigation, it is imperative that it be assigned to a judge with experience managing complex MDLs who, at the same time, is not in an overburdened district. Respondent is confident that Judge Kennelly has the experience and resources to efficiently and effectively manage this Litigation, as he has in the past.

Second, the Northern District of Illinois has a direct nexus with this case given that one of the largest pharmacy chains in the United States, Walgreens, Inc., which sells oral phenylephrine products manufactured and sold by numerous other defendants, including those distributed under its own store-brand, is located within the District in Deerfield, Illinois. Other oral phenylephrine manufactures, including Akorn, Inc., and Xttrium Labs, Inc., which are currently or are anticipated to be added as defendants, maintain headquarters within this District. Thus, the facts implicated by the manufacture and sale of oral phenylephrine products, with regard to these manufacturers, arise in the Northern District of Illinois. Numerous other defendants reside just outside the District, including in Michigan, Minnesota, and Ohio. Moreover, the Northern District of Illinois is centrally located in the middle of the United States just outside of Chicago, accessible via a relatively short, nonstop flight to every attorney likely to participate in the ligation.

Finally, assignment of this litigation to the United States District for the Northern District of Illinois is not likely to overtax the District, which has under 9,000 cases currently pending.[2]

---

[1] United States District Court, Northern District of Illinois, *Biographical Data*, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/KENNELLY/MFKBio.pdf (last accessed Oct. 23, 2023).

[2] Federal Case Management Statistics – Profiles (June 30, 2022), *available at* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (last accessed Oct. 20, 2023).

Thus, the assignment of this multidistrict litigation to the Northern District of Illinois is not likely to overburden that jurisdiction.

### III. Alternatively, the United States District Court for the Eastern District of New York is a Suitable Forum

Factors to consider for the most appropriate forum include: (1) the location of parties, witnesses, and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931–32 (J.P.M.L. 1980) (discussing factors); see also Manual for Complex Litigation (Fourth), § 20.131, pp. 220–21. A forum that satisfies these factors and that already has pending cases is favorable. *Id.* at § 22.33, pp. 366–67. The Panel also looks for a forum that "i) is not currently overtaxed with other multidistrict dockets, and ii) possesses the resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require." *In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003).

The United States District Court for the Eastern District of New York is a viable alternative appropriate for this litigation. First, the jurists in this District are well-suited to handle complex multi-district litigation and have successfully managed multiple MDLs.[3] Most recently, this has included the ExacTech Litigation.

Second, consolidation in this District will serve judicial economy as this District has under

---

[3] *See* JPML, *Pending MDLs by District*, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-October-16-2023.pdf (last accessed Oct. 20, 2023); JPML, *MDLs Terminated*, https://www.jpml.uscourts.gov/sites/jpml/files/Recently_Terminated_MDLs-January%201-October-16-2023.pdf (last accessed Oct. 20, 2023).

9,000 pending cases according to the most recent report from the Federal Judicial Center.[4] Thus, this District is neither overtaxed with multidistrict dockets and has the resources and expertise to devote to exactly this type of docket as demonstrated by its past (and present) success in managing complex MDLs. *See In re Gator Corp.*, 259 F. Supp. 2d at 1380.

Finally, this District has a direct nexus with this Litigation. For example, oral phenylephrine manufacturers (and anticipated defendants) Amneal Pharmaceuticals, Inc., Amneal Pharmaceuticals, Inc., Amneal Pharmaceuticals, LLC of New York, and LNK International, Inc., maintain headquarters in the Eastern District of New York. Thus, the facts implicated by the manufacture and sale of oral phenylephrine products, with regard to these manufacturers, arise in the Eastern District of New York. Moreover, numerous defendants maintain headquarters in close proximity to the district, including Defendant Pfizer, Inc. in New York, New York. Three plaintiffs have already filed in the Eastern District of New York.

Respondent is confident that this requested forum will effectively and efficiently manage the prospective docket should this matter be consolidated.

### IV.    Other Suggested Districts are Unsuitable

This Litigation involves decongestant products used by millions of Americans each year, with countless products manufactured by nearly as many manufacturers. The result will be, Respondent anticipates, a massive, complex Litigation involving numerous Defendants, products, and claims spanning years. The other suggested Districts—the District of New Jersey and the Eastern District of Louisiana—are not suitable to handle the extent of this Litigation.

First, the United States District Court for the District of New Jersey is already one of the busiest

---

[4] Federal Case Management Statistics – Profiles (June 30, 2022), *available at* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (last accessed Oct. 20, 2023).

jurisdictions in the United States. It has twelve multidistrict litigations assigned to it—including some of the largest multidistrict litigations which are still actively being litigated, including but not limited to the Johnson & Johnson talcum powder litigation and the valsartan litigation.[5] There are nearly 65,000 cases pending in the District, according to the most recent report from the Federal Judicial Center.[6] This is in stark contrast to the less than 9,000 cases pending in the Eastern District of New York.[7] The addition of another multidistrict litigation, and, in particular, one of this scope, will impede judicial economy in this District and impede efficient resolution of other matters for years to come.

Second, the Eastern District of Louisiana has no nexus, whatsoever, to the facts of this Litigation. There are no manufacturers of decongestants located in the state of Louisiana. Moreover, Louisiana is not conveniently located for any of the Parties, including the Defendant manufacturers, who do not have headquarters located in Louisiana. Further, due to the size and scope of this Litigation, it is anticipated to be extremely lengthy and to take years to be resolved.

## CONCLUSION

Respondent urges transfer and coordination or consolidation to the United States District Court for the Northern District of Illinois or, in the alternative, the United States District Court for the Eastern District of New York.

---

[5] *See* PML, *Pending MDLs by District*, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-October-16-2023.pdf (last accessed Oct. 20, 2023).

[6] Federal Case Management Statistics – Profiles (June 30, 2022), *available at* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (last accessed Oct. 20, 2023).

[7] *Id.*

| | |
|---|---|
| Dated: October 25, 2023 | **NIGH, GOLDENBERG, RASO, & VAUGHN** |

/s/ Marlene Goldenberg
Marlene Goldenberg (MN #0394943)
14 Ridge Square NW
Third Floor
Washington DC 20016
Phone: (612) 445-0202
Fax: (202) 792-7927
Email: mgoldenberg@nighgoldenberg.com

**FARR, FARR, EMERICH, CARR & HOLMES, P.A.**

/s/ George T. Williamson
George T. Williamson (FL #83383)
99 Nesbit Street
Punta Gorda, FL 33950
Tel: (941) 639-1158
gwilliamson@farr.com

*Attorneys for Respondent*