BEFORE THE UNITES STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION | MDL No.: 3089 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF SHELBY NOVISKIS IN SUPPORT OF THE MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS.**

Plaintiff, Shelby Noviskis ("Plaintiff"), submits this Interested Party Response (per JPML Rule 6.2(e)) to *Barton* plaintiffs' Motion to Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion"). See Doc. 1.

## INTRODUCTION

To present, Plaintiff, as well as other consumers, have filed numerous putative class actions across the country. Plaintiff submits that consolidation and transfer is appropriate, and that the Northern District of Illinois is the appropriate transferee court.

Each of the Related Actions presents nearly identical issues of law and fact, thereby warranting consolidation. All of the Related Actions arise from allegations that the Defendants have marketed and sold billions of dollars' worth of over-the-counter oral medications containing phenylephrine (collectively, the "Phenylephrine Products" or "Products") as nasal decongestants that they knew are entirely ineffective as decongestants. Taken together, the Plaintiffs in these cases allege violations of various state consumer protection laws, breach of implied warranties, unjust enrichment, and other state law claims. The Plaintiffs in the numerous actions request relief, including but not limited to injunctive relief and damages for harm and out-of-pocket costs that plaintiffs have had to bear as a result of Defendants' actions.

In light of the numerous central common questions of fact between the cases, Plaintiff supports consolidation under 28 U.S.C. § 1407 as requested in the Motion. Plaintiff respectfully

submits that the Northern District of Illinois is the most appropriate transferee district.

Transfer and consolidation are proper if actions pending in different federal district courts involve "one or more common issues of fact" and transfer is "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

The Actions, and the tag-along actions to follow, are appropriate for Section 1407 transfer because they involve common issues and transfer will benefit the parties, witnesses, and courts. Critical to each of the cases is the purported efficacy of the compound phenylephrine, a question of fact identical across the litigation. Plaintiff Shelby Noviskis respectfully proposes the Northern District of Illinois as the most appropriate forum for transfer, as opposed to the District of New Jersey, which the Barton plaintiffs proposed in a motion for transfer. See MDL 3089, ECF 1.

The Northern District of Illinois is comparatively well-suited as a convenient forum for transfer: One of the retail defendants, Walgreens, is headquartered within the Northern District of Illinois, and, to the best of the undersigned's knowledge, every defendant transacts business in the district. The Northern District of Illinois has many excellent jurists with deep experience presiding over and resolving MDL actions with care and efficiency. Further, because there is no clear center of gravity where the parties and potential witnesses in this case reside, the Northern District of Illinois is ideal for transfer. The district includes Chicago, the largest metropolitan area in the Midwest, with airports that already serve as hubs for travelers across the country and with ample accommodations. Finally, the Northern District of Illinois is centrally located within the United States and would be a convenient midpoint for the parties and potential witnesses involved.

> **A.    The Related Actions are Appropriate for Transfer and Coordination Pursuant to 28 U.S.C. §1407(a).**
>
> **1. The Related Actions Involve Common Issues of Fact.**

Plaintiffs agree with the Barton plaintiffs that transfer and coordination under Section 1407 is appropriate. *See* MDL 3089, ECF 1. Each of the complaints arise from Defendants' policies and practices concerning its marketing and sale of so-called oral decongestants which are allegedly no more effective than a sugar pill at nasal decongestion. This includes, but is not limited to, whether Defendants knew that the Products were ineffective nasal decongestants, whether Defendants deceptively advertised the Products to consumers, whether Defendants withheld information from consumers, and whether Defendants' challenged conduct harmed consumers. In light of these core common issues of fact, it is no surprise that the cases allege similar legal claims and seek to certify similar classes. Indeed, centralization of cases involving common questions related to the efficacy of drug products is routine[1].

### 2. Transfer and Coordination Serves the "Convenience of the Parties and Witnesses" and "Promote(s) the Just and Efficient Conduct of the Action."

The following four factors are considered when determining whether transfer will facilitate the convenience of the parties and promote the just and efficient conduct of the transferred cases:

1. The elimination of duplicative discovery;
2. The avoidance of conflicting rules and schedules;
3. The reduction of litigation cost; and
4. The conservation of the time and effort of the parties, attorneys, witnesses, and courts.

Manual for Complex Litigation (Fourth), § 20.131, at 219.

Each factor weighs decidedly in favor of transfer here.

### a. Transfer will eliminate duplicative discovery.

---

[1] *See e.g. In re Viagra* (sildenafil citrate) Prod. Liab. Litig. 224 F. Supp. 3d 1330 (J.P.M.L. 2016); *In re Pradaxa* (dabigatron exilate) *Prod. Liab. Litig.*, 883 F. Supp. 2d 1355 (J.P.M.L. 2012); *In re Accutane Prod. Liab. Litig.,* 343 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004).

Given the facts common to plaintiffs in each of the Actions and the near identity of relevant legal questions, plaintiffs are likely to seek overlapping discovery. *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014) (noting that transfer was appropriate to eliminate duplicative discovery when the actions shared a common factual core). Transfer and consolidation will therefore avoid duplicative discovery and will streamline associated coordination, including that regarding document review and depositions for party and third-party witnesses.

      b.    **Transfer will avoid conflicting rules and schedules.**

The Panel considers the possibility of inconsistent rulings on pretrial issues because of the possible *res judicata* or collateral estoppel effects on other cases. *In re Enron Sec. Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification).

Due to the number of Actions in district courts across the country, conflicting rulings and schedules will inevitably ensue absent consolidation. All of the Actions filed to date are in the pretrial stage and will thus likely involve motions to dismiss, discovery motions, *Daubert* motions, and class certification motions. Consolidation will avoid conflicting rulings on these motions, thereby reducing the risk of protracted proceedings and confusion.

      c.    **Transfer will reduce litigation costs and conserve the time and effort of the parties, attorneys, witnesses, and courts.**

Consolidation and transfer will put the parties and issues before a single transferee judge. This will obviate the need for courts and lawyers in various districts to address the same or similar facts and issues in parallel or piecemeal, lessening costs for both the parties and the court. *See Ethicon Physiomesh*, 254 F. Supp. 3d 1381, 1382 (J.PM.L. 2017) (transfer of related actions to a single district for pretrial proceedings "conserve[s] the resources of the parties, their counsel, and the judiciary.")

### 3. The Actions Should Be Centralized in the Northern District of Illinois

The selection of an appropriate transferee court is based on a balancing test of several factors, none of which is dispositive. *See* Manual of Complex Litigation (Fourth) § 20.131 (2004) (citing Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214-15 (1977). These factors include: the convenience of the parties; the location of the witnesses and evidence; the minimization of cost and inconvenience to the parties the experience, skill, and caseloads of the available judges; and the number and status of cases pending in potential transferee jurisdictions. *See id; see also In re: Preferential Drugs Prods. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977); *In re: Tri-State Crematory Litig.*, 206 F. Supp. 1376, 1378 (J.P.M.L. 2002).

Here, on balance, the Northern District of Illinois is the most appropriate transferee forum because it is the most convenient transferee forum for the parties and potential witnesses and has a wealth of experience in carefully and effectively resolving MDL litigation.

The Northern District of Illinois is, on the whole, the most convenient transferee forum. Defendant retailer Walgreens is headquartered within the Northern District of Illinois, in Deerfield, Illinois and, to the best of the undersigned's knowledge, every defendant transacts business in the district, though they maintain headquarters across the country[2]. Plaintiffs hail from across the United States, though at least ten plaintiffs filed actions in the Northern District of Illinois. Because there is no clear center of gravity where the parties and potential witnesses in this case reside, the Northern District of Illinois is ideal for transfer. Indeed, as this Panel has

---

[2] Brand-name defendant manufacturers are located in New Jersey (Johnson & Johnson Consumer Inc.; Kenvue, Inc.; Church & Dwight Co., Inc.;Sanofi-Aventis US LLC), Ohio (Procter & Gamble); Pennsylvania (Bayer Healthcare LLC; GlaxoSmithKline LLC; McNeil Consumer Healthcare;), and generic phenylephrine manufacturing defendants and other sellers are headquartered in Washington (Amazon), Idaho (Albertsons Companies Inc.), Minnesota (Target), Kansas (Associated Wholesale Grocers, Inc. and Value Merchandisers Co.), Pennsylvania (Rite Aid Corporation) and New Jersey (Reckitt Benckiser LLC).

recognized before, a "geographically central location" and easy access to the venue are important considerations for a transfer analysis. *See, e.g., In re Wireless Tel. 911 Calls Litig.*, 259 F. Supp. 2d 1372 (J.P.M.L. 2003). The Northern District of Illinois is just that, a "geographically central location" for parties and potential witnesses that otherwise might have to travel from coast to coast. Just outside the courthouse doors is Chicago, the largest metropolitan area in the Midwest, with airports that routinely serve as central hubs for travelers across the United States. Chicago O'Hare airport alone was recently reported as the fourth-busiest airport in the world[3].

The Northern District of Illinois has many excellent jurists with deep experience presiding over MDL litigation.. *See, e.g.,* MDL 2545, *In re Testosterone Replacement Therapy Products Liability Litigation* (J. Matthew F. Kennelly); MDL 2492, *IN RE: National Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*; MDL 2545, *IN RE: Testosterone Replacement Therapy Prods. Liab. Litig.;* MDL 2580, *IN RE: Opana ER Antitrust Litig.*; MDL 2817, *IN RE: Dealer Mgmt. Sys. Antitrust Litig.;* MDL 2842, *IN RE: Chicago Board Options Exch. Volatility Index Manipulation Antitrust Litig.*; MDL 2867, *IN RE: Local TV Advert. Antitrust Litig.*; MDL 2931, *IN RE: Delta Dental Antitrust Litig.*; MDL 2948, *IN RE: TikTok, Inc., Consumer Privacy Litig.*; MDL 2964, *IN RE: Society Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*

Further, the Northern District of Illinois has the resources and track record to effectively manage a large MDL such as this one. In the Northern District of Illinois, the median time of decision on a motion to dismiss is 59 days, and 145 days for a summary judgment motion[4], while the median time for a case from filing to disposition was 6.7 months as of March 2023. This is

---

[3] Monig Eng, "O'Hare named fourth-busiest airport in the world," Axios, https://www.axios.com/local/chicago/2022/04/14/ohare-named-fourth-busiest-airport-in-the-world.
[4] Westlaw Edge Litigation Analytics, as of October 25, 2023,
https://1.next.westlaw.com/Analytics/Profiler?docGUID=1260&contentType=court&originationContext=typeAhead&transitionType=LegalLitigation&contextData=(sc.Default)&analyticNavigation=none&pathAnalytic=%2FAnalytics%2FHome#/court/1260/motionReport.

substantially less time than in the District of New Jersey, where the median time of decision on a motion to dismiss is 152 days[5], and 175 days for a summary judgment motion with the median time for a case from filing to disposition during the same period being 10 months[6].

## CONCLUSION

For all of the reasons stated above, Plaintiff, Shelby Noviskis, respectfully requests that the Panel transfer the Oral Phenylephrine Marketing and Sales Practices Litigation to the Northern District of Illinois for coordinated pretrial proceedings.

DATED: November 1, 2023.

By: /s/ Ken Moll
Ken Moll
Valeria F Benitez
**MOLL LAW GROUP**
180 N Stetson Ave, 35th Floor
Chicago, Illinois 60601
Tel: (312) 462-1700
Fax: (312) 756-0045
E-mail: info@molllawgroup.com
kmoll@molllawgroup.com
*Counsel for Plaintiff Shelby Noviskis in Case No.: 1:23-cv-13926 (N.D.IL)*

---

[5] Westlaw Edge Litigation Analytics, as of October 25, 2023, https://1.next.westlaw.com/Analytics/Profiler?docGUID=493&contentType=court&transitionType=OverviewLitigationAnalytics&contextData=(sc.Default)&analyticNavigation=District%2520of%2520New%2520Jersey&hashAnalytic=%2F&pathAnalytic=%2FAnalytics%2FProfiler%2FSearch%2Fcourt#/court/493/motionReport.

[6] U.S. Courts, Combined Civil and Criminal Federal Court Management Statistics (March 31, 2023), chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.uscourts.gov/file/71612/download.

## CERTIFICATE OF SERVICE

In compliance with Rule 4.1(a) of the Rules and Procedures for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on November 1, 2023, a true and correct copy of the foregoing document was filed on the Court's CM/ECF system, which sends notice of the same to all parties, including the following:

***Defendant: Johnson & Johnson Consumer Inc.***
O'MELVENY & MYERS LLP
Hannah Y. Chanoine
hchanoine@omm.com
Times Square Tower
7 Times Square
New York, NY 10036

***Defendant: The Proctor & Gamble Company***
COVINGTON & BURLING LLP
Andrew Soukup
asoukup@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001