**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re: Oral Phenylephrine Marketing and Sales Practices Litigation** | MDL No. 3089 |

**INTERESTED PARTY RESPONSE OF PLAINTIFFS WARD, TAITO, SCWHARTZ, SYGAL, BROOKSHIER, KRICA, SAMMARCO, VERDI, LEE, HEUCHAN, GARZA, DAVENPORT, SANES, FLICK, ZIMMERMAN, LEWIS, AND FICHOT**

Plaintiffs Ward, Taito, Scwhartz, Sygal, Brookshier, Krica, Sammarco, Verdi, Lee, Heuchan, Garza, Davenport, Sanes, Flick, Zimmerman, Lewis, And Fichot[1] (collectively, "Plaintiffs,") respectively submit this Interested Party Response to the *Barton* plaintiffs' Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion"). *See* ECF No. 1. For the reasons set forth in the Response, Plaintiffs support coordination or consolidation under 28 U.S.C. §1407, but respectfully submit that the Eastern District of New York ("EDNY") would be the most appropriate and geographically convenient transferee district for the instant nationwide litigation, as the EDNY jurisdiction has experienced jurists with relatively low caseloads, and EDNY provides easy geographical access for all parties involved.

---

[1] Please see Schedule of Actions, attached within, for the cases corresponding to the Plaintiffs listed above.

1

I.  **<u>INTRODUCTION</u>**

On September 12, 2023, an advisory panel to the U.S. Food and Drug Administration voted unanimously (16-0) that the oral Phenylephrine ("oral PE") products Defendants manufacture, market and distribute are ineffective at providing nasal decongestion relief, the only symptom for which these products are marketed.[2] Shortly thereafter, Plaintiffs filed suit on behalf of themselves and others similarly situated in both national and state-wide class actions, as did plaintiffs in several other jurisdictions. As of November 1, 2023, at least 65 oral PE actions have been filed in federal courts throughout the United States, with more likely to follow. Several of these cases are now before The United States Judicial Panel on Multidistrict Litigation ("MDL Panel").

In these actions, plaintiffs all make the same basic allegation: that the oral PE products they purchased were worthless because they did not do what Defendants stated they would through their advertising, marketing, and labeling of their oral PE products. Accordingly, Plaintiffs support transfer and consolidation of the actions listed in the Schedule of Actions, in addition to all other pending oral PE actions

---

[2]Haley Weiss, *With the Decongestant SNAFU, the FDA Tries Something New*, TIME (Sept. 14, 2023),https://time.com/6314120/fda-decongestant-phenylephrine-decision/#:~:text=That%20changed%20on%20Sep.%2012,be%20pulled%20from%20stores%20altogether (last accessed November 9, 2023).

nationwide, to an appropriate transferee forum. The appropriate forum, Plaintiffs argue, is the U.S. District Court for EDNY.

## II. LEGAL STANDARD

Transfer and consolidation are proper if actions pending in different federal district courts share "one or more common questions of fact;" and if consolidation would "be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

## III. ARGUMENT

### A. The Actions before the MDL involve One Or More Common Questions of Fact.

Plaintiffs respectfully submit that there is clearly one or more common questions of fact in the matters before the MDL regarding the main core factual issue – is oral PE ineffective as a nasal decongestant? Because there are common questions of fact surrounding oral PE's ineffectiveness, centralization eliminates the possibility of duplicative discovery, inconsistent pretrial rulings across several U.S. district courts, and conserves the limited resources of the judiciary, along with parties and their respective counsel. As stated in *In re: Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1390 (J.P.M.L. 2004), "transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading

3

to the just and expeditious resolution of all actions to the overall benefit of the parties."

### B. Consolidation Here Would "be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."

Because consolidation would avoid duplicative discovery, would prevent inconsistent pretrial rulings, and would also be geographically convenient for both Plaintiffs and Defendants (given EDNY's close proximity to New Jersey, where a majority of Defendants are located and where all of Plaintiffs' cases have been filed), consolidation here would be appropriate both for the "convenience of parties and witnesses," and for the promotion of "the just and efficient conduct of such actions."

First, as argued above, consolidation avoids duplicative discovery and inconsistent trial rulings, which would be an unbearable cost to both the judiciary and the parties involved in the instant matter. Because there are common questions of law and fact, there will be substantial overlap in the discovery material provided. By transferring before a single judge, the transferee judge could provide great efficiency by, for example, establishing separate discovery and/or motion tracks depending on whether the drug is name-brand or generic. *In re: Ephedra Prods. Liab. Litig.*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004).

Consolidation also decreases the likelihood of inconsistent rulings on pretrial issues, including on *Daubert* challenges and class certification motions, which could

have potential collateral estoppel implications on non-consolidated cases. *See In re: Enron Sec. Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting transfer in part to prevent inconsistent pretrial rulings).

### C. The MDL Panel Should Transfer the Actions to the Eastern District of New York.

The MDL Panel considers several non-dispositive factors when selecting an appropriate transferee court. These factors include: (1) where the largest number of cases is pending; (2) where discovery has occurred; (3) where cases have progressed furthest; (4) the site of the occurrence of the common facts; (5) where the cost and inconvenience will be minimized; and (6) the experience, skill and caseload of available judges. *See* Manual of Complex Litigation (Fourth) § 20.131 (2004) (citing Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214-15 (1977).

In the instant matters before the MDL Panel, cases are pending nationwide (Factor 1), discovery (Factor 2) has not occurred, and cases have not progressed (Factor 3). Furthermore, given the common questions of fact (Factor 4) surrounding the sale, marketing and distribution of oral PE products nationwide, there is no one "site of the occurrence of the common facts" that falls within the jurisdiction of a single U.S. District Court.

5

Because the first four factors are inconsequential in the instant matters before the MDL Panel, the most important factors to consider are the minimization of cost and inconvenience (Factor 5), and the experience, skill and caseload of available judges (Factor 6). Plaintiffs respectfully argue that these factors point to the EDNY as the most appropriate transferee court. First, Defendants in this matter have already argued that EDNY (or, in the alternative, the Southern District of New York), is most geographically convenient for them, stating that some Defendants are headquartered there and that some "evidence and witnesses are located in or near New York." ECF No. 230. Movants have also advocated for EDNY in the alternative to the District of New Jersey. ECF No. 253. Thirteen Plaintiffs in the instant matter before the MDL Panel have also argued either in favor of centralization in EDNY or have advocated for EDNY in the alternative.

Because EDNY would be convenient for both Defendants and Movants, who represent many plaintiffs, EDNY would minimize the cost and inconvenience of other potential transferee courts. EDNY's two courthouses, moreover, are 14.8 miles (Brooklyn Courthouse) and 73 miles (Central Islip Courthouse) from the Martin Luther King Building & U.S. Courthouse in Newark, New Jersey, the state where most Defendants and some Movant's counsel are located. The EDNY courthouses are also accessible by three major New York airports, by rail, and by car. Thus, given

the geographic location, EDNY would minimize cost and would be most convenient to all parties.

Finally, the experience, skill, and caseload of available judges (Factor 6) also points to EDNY as the most appropriate transferee court. As of October 16, 2023, the EDNY has sixteen Article III Judges and only *two* pending MDLs, leaving fourteen judges not assigned any MDL; the District of New Jersey, meanwhile, has *thirteen* pending MDLs, and the Southern District of New York has *fourteen* pending MDLs.[3] Furthermore, the EDNY has handled large MDLs in the past.[4] Finally, EDNY's relative civil caseload, with 869 pending non-MDL civil cases per judge, is much lighter than the District of New Jersey, which has **_3,732_** pending non-MDL civil cases per judge.[5]

EDNY, therefore, is the District Court best suited for this litigation as transferee court, as its centralized location would minimize cost and inconvenience to all parties involved, and EDNY also has the experience, skill, and relatively lighter

---

[3] United States Judicial Panel on Multidistrict Litigation, MDL Statistics Report - Distribution of Pending MDL Dockets by District (available at:
https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-October-16-2023.pdf) ("MDL Statistics"), at 3.

[4] *See, e.g.*, *In re Visa/Mastercard Antitrust Litig.*, 295 F. Supp. 2d 1379 (J.P.M.L. 2003*); In re Zyprexa Prod. Liab. Litig.*, 542 F. Supp. 2d 1358 (J.P.M.L. 2008); *In re: Bayer Corp. Combination Aspirin Prod. Mktg. & Sales Pracs. Litig.*, 609 F. Supp. 2d 1379 (J.P.M.L. 2009); *In re: Propecia (Finasteride) Prod. Liab. Litig.*, 856 F. Supp. 2d 1334 (J.P.M.L. 2012).

[5] United States District Courts, *National Judicial Caseload Profile* (available at: https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf), at 10.

caseload of available judges, all of which point to EDNY as the most appropriate transferee court.

## IV. CONCLUSION

Plaintiffs respectfully request an Order consolidating these actions in the Eastern District of New York.

Dated: November 9, 2023                              Respectfully submitted,

By: /s/Katrina Carroll

**LYNCH CARPENTER LLP**
Katrina Carroll (NJ 26212000)
katrina@lcllp.com
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312.750.1265

**LYNCH CARPENTER LLP**
Todd D. Carpenter (SBN 234464)*
*To be admitted Pro Hac Vice
todd@lcllp.com
Scott G. Braden (SBN 305051)*
*To be admitted Pro Hac Vice
scott@lcllp.com
1234 Camino del Mar
Del Mar, CA 92014
Tel:619-762-1910
Fax:724-656-1556

**LYNCH CARPENTER LLP**
Gary Lynch (PA 56887)*
*To be admitted *Pro Hac Vice*
gary@lcllp.com
Kelly K. Iverson (PA 307175)*
*To be admitted *Pro Hac Vice*
kelly@lcllp.com
Patrick Donathen (PA 330416)*
*To be admitted *Pro Hac Vice*
Patrick@lcllp.com

1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412.322.9243
Facsimile 412.231.0246
*Attorneys for Plaintiffs*