**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION | MDL DOCKET NO. 3089 |

<u>**INTERESTED PARTY RESPONSE IN SUPPORT OF TRANSFER OF RELATED
ACTIONS TO THE DISTRICT OF MINNESOTA**</u>

Plaintiff Robert Etten ("Plaintiff"), through his undersigned counsel, respectfully submits this Response in support of Plaintiffs' ("Movants") Transfer of Related Actions to Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings filed with the Panel on September 18, 2023 (ECF 1). Plaintiff is the putative representative of the classes alleged in *Etten v. Johnson & Johnson Consumer, Inc*., No. 0:23-cv-03471, currently pending in the District of Minnesota.

Plaintiff filed his complaint in the U.S. District Court for the District of Minnesota against Johnson & Johnson Consumer, Inc. and The Proctor & Gamble Co. (collectively, "Defendants"), alleging that Defendants manufactured, sold, and distributed over-the-counter oral decongestant products containing phenylephrine ("Products") when Defendants knew or should have known that their marketing claims regarding the Products' efficacy were false and misleading. As a result of Defendants' false and deceptive marketing, Plaintiff and the class members suffered economic damages, including the cost of purchasing the Products. Plaintiff seeks injunctive relief and damages on behalf of themselves and all others similarly situated.

Plaintiff agrees with Movants that centralization is appropriate given the growing number of oral phenylephrine cases in the United States. Due to the broad and wide-reaching harms caused by the conduct alleged, many district courts throughout the United States provide an

appropriate choice for the Panel's consideration for transfer. However, the relevant factors demonstrate that Minnesota would be most appropriate in these circumstances.

## ARGUMENT

### I.    Plaintiff agrees that the consolidation and transfer of all related actions is appropriate.

Plaintiff agrees that the Panel should consolidate and transfer the subject actions pursuant to 28 U.S.C. § 1407(a), which authorizes the transfer of civil actions pending in various federal district courts "involving one or more common questions of fact" to a single federal district court for coordinated or consolidated pretrial proceedings when the Panel determines that such transfer serves "the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." It is likely that the consolidated complaint will unify the Defendants, who will face identical legal and factual questions. These identical legal and factual questions will likely require the same witnesses and evidence and conducting discovery across federal districts and related courts would be duplicative and inefficient. Accordingly, consolidation and transfer would serve the convenience of the parties and witnesses and promote efficient resolution of these actions.

### II.   The District of Minnesota is the appropriate MDL transferee district.

When a particular harm causes complaints to arise in geographically dispersed areas and has resulted in a "wide array already of suggested transferee districts, it is clear that any one of one of a large number of districts would qualify as an appropriate transferee forum." *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001). Currently, overlapping cases are spread across numerous states and involve manufacturer and retailer defendants headquartered across the country.

In similar circumstances, where no particular state could be determined to be the "epicenter" of injury, this Panel has looked to the District of Minnesota as the appropriate transferee district based on the fact that it:

1. Is a major metropolitan court;

2. Is centrally located;

3. Is not overtaxed with other multidistrict dockets; and

4. Possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

*Id.*; *see In re: Fluoroquinolone Prod. Liab. Litig.*, 122 F. Supp. 3d 1378, 1381 (J.P.M.L. 2015) (concluding that Minnesota is the appropriate transferee district in part because it "provides a geographically central and convenient forum for this nationwide litigation").

As demonstrated by this Panel's decision in *In re Baycol*, when the injuries do not cluster around an injury "epicenter," the focus is placed on determining which district is most capable of accommodating all the litigants as a whole, has its door open, and can manage this case efficiently. Minnesota is, uniquely, that district.

**A.     The District of Minnesota has experience in the common issues raised by Plaintiff's pleadings.**

The District of Minnesota is well-versed in handling multidistrict litigation, including complex cases involving marketing and sales practices. *See e.g., In re: Hardieplank Fiber Cement Siding Litigation*, 12-md-02359 (MJD/LIB) (closed 8/31/2018); *In re: CenturyLink Sales Practices and Securities Litigation*, MDL No. 17-md-2795 (MJD/KMM). The District of Minnesota currently has the capacity to handle an MDL of this magnitude and its extensive

knowledge, background, and experience MDLs and deceptive marketing and sales practices cases will undoubtedly ensure that this litigation will proceed in a timely and efficient manner.

### B.    The District of Minnesota is very efficient and has a favorable caseload.

The Panel should consider the caseload burden on the potential transferee courts in determining the appropriate forum for centralization. *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d at 1380. The District of Minnesota has a proven track record in handling its case load expeditiously and consistently places among the top District Courts in the nation in the time it takes to dispose of its total number of cases.[1]

Currently, the District of Minnesota has only six pending MDLs in front of four judges. These MDLs include:

- *In re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*, MDL No. 2441 (Judge Frank);

- *In re: Fluoroquinolone Products Liability Litigation*, MDL No. 2642 (Judge Tunheim);

- *In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL No. 2666 (Judge Ericksen);

- *In re: CenturyLink Sales Practices and Securities Litigation*, MDL No. 2795 (Judge Davis);

- *In re: Pork Antitrust Litigation*, MDL No. 2998 (Judge Tunheim); and

---

[1] *See, e.g.*, U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases (June 30, 2023), Table C-5, https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2023/06/30; U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases (September 30, 2022), Table C-5, https://www.uscourts.gov/sites/default/files/data_tables/jb_c5_0930.2022.pdf.

- *In re: Cattle and Beef Antitrust Litigation*, MDL No. 3031 (Judge Tunheim).

Of the six pending MDLs, only one has a large number of cases (*In re: Bair Hugger* with 5,922 pending actions) while the remaining five have a small number of cases (e.g., one with 74 actions; one with 38 actions; one with 26 actions; and two others with less than 10).

The Panel has recognized that a more open MDL docket supports centralization in a particular district. *See, e.g.*, *In re Listerine Total Care Mouthwash Mktg. & Sales Practices Litig.*, 764 F. Supp. 2d 1354, 1355 (J.P.M.L.  2011). This Panel has also specifically recognized Minnesota as such a District. *See In re Stryker*, 949 F. Supp. 2d at 1380 (finding that the District of Minnesota "enjoys favorable docket conditions"); *In re St. Jude Med., Inc., Silzone Heart Valves Prod. Liab. Litig.*, MDL No. 1396, 2001 WL 36292052, at *2 (J.P.M.L. 2001) (recognizing that the District of Minnesota "enjoys general caseload conditions" and resources allowing it to handle complex litigation).

### C.    The District of Minnesota provides a central location for the convenience of all transferred cases.

Minnesota is also geographically central to this litigation. *See In re Stryker*, 949 F. Supp. 2d at 1380 (finding that the District of Minnesota "offers a relatively accessible and geographically central forum"). The Minneapolis-St. Paul International Airport—a central destination for the largest airlines—provides direct flights to multiple locations across the country throughout the day, as well as international flights. Minneapolis-St. St. Paul has ample, reasonably priced hotel accommodations within easy walking distance of the federal courthouses.

### CONCLUSION

Based on the forgoing, Plaintiffs respectfully request that this Panel consolidate the related oral phenylephrine cases pursuant to 28 U.S.C. § 1407 and transfer them to the District of Minnesota.

Respectfully submitted,

Dated:  November 14 2023

 /s/Amanda M. Williams
Daniel E. Gustafson (#202241)
Amanda M. Williams (#341691)
Bailey Twyman-Metzger (#400179)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com
btwymanmetzger@gustafsongluek.com

***Counsel for Plaintiff Robert Etten***
***D. Minn., 0:23-cv-03471***