BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE-MARKETING AND SALES PRACTICES LITIGATION | MDL DOCKET NO. 3089 |

**INTERESTED PARTY RESPONSE OF
PLAINTIFF'S DANIEL HEAGHNEY AND DARYL MEANS**

Plaintiff's Daniel Heaghney[1] and Daryl Means[2] ("Plaintiffs") respectfully submit this Interested Party Response pursuant to JPML Rule 6.2(e) to the *Barton* plaintiff's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion"). *See* Doc. 1.

**I.      INTRODUCTION**

Plaintiffs have filed two of the many class actions that have been filed across the United States against the manufacturers and sellers of over-the-counter oral decongestants containing phenylephrine. Plaintiffs agree that centralization is appropriate given the large volume of oral phenylephrine cases that have been filed in the United States.

Plaintiffs contend the related cases should be transferred to the Western District of Missouri. The greatest challenge to efficiently overseeing these cases will be managing and analyzing the voluminous briefing filed by each of the many involved defendants. There are at least 13 defendants already involved in this proceeding who manufactured or sold oral

---

[1] Plaintiff Heaghney is the named plaintiff in the putative class action case of *Heaghney v. Johnson & Johnson Consumer Inc. et al.*, Case No. 4:23-cv-01342-PLC (E.D.Mo.).
[2] Plaintiff Means is the named plaintiff in the putative class action case of *Means v. Johnson & Johnson Consumer Inc. et al.*, Case No. 3:23-cv-03494-MA (S.D.Ill.).

phenylephrine products: Johnson & Johnson Consumer Inc., GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, RB Health (US) LLC, Bayer HealthCare LLC, The Procter & Gamble Company, Walmart Inc., Walgreen Co., Target Corporation, CVS Pharmacy, Inc., Dierbergs Markets, Inc., Amazon.com, Inc., and Amazon.com Services LLC.

The judge to whom this case is transferred will face the herculean task of coordinating the briefing activities of all these defendants and the plaintiffs. For this reason, the relative case loads of the various courts to whom this case could be transferred is the most important factor for deciding where to send this case. Plaintiffs agree with the *Wright* and *Walker* plaintiffs that the Western District of Missouri is the ideal venue to which this case should be transferred if the panel finds that consolidation is appropriate. (Doc. 17). The judges in the Western District of Missouri have MDL transferee experience, lighter caseloads, and a demonstrated track record of swiftly working through dispositive motion practice. Judge Stephen Bough in particular has a demonstrated ability to efficiently manage the briefing in other MDL proceedings and rule on dispositive motions more rapidly than his peers.

Further highlighting that any transfer decision hinges on where the "just and efficient conduct of the action" is best promoted, there is no single federal district that bears the closest relationship to the defendants. The defendants are incorporated or headquartered in Missouri, Illinois, Minnesota, Pennsylvania, New Jersey, Delaware, Rhode Island, Ohio, and Arkansas. If anything, transferring the case to a location as central as the Western District of Missouri will do more to promote the "convenience of parties" than transferring it elsewhere.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1407(a), transfer and consolidation of civil actions "involving one or more common questions of fact" shall be made if the Panel determines transfer "will be for the

convenience of parties and witnesses and will promote the just and efficient conduct of such actions."

III. **ARGUMENT**

A. **Transfer and Coordination is Appropriate.**

Plaintiffs agree that transfer and coordination is appropriate. The various complaints allege common questions of fact. Each complaint alleges that orally administered cold medication containing phenylephrine is ineffective for the treatment of nasal decongestion despite the Defendants' misrepresentations otherwise. The complaints allege the Defendants violated various statutory and common law duties owed to consumers of these medications. These complaints allege similar legal theories and each request certification of similar classes or sub-classes. Likewise, consolidation is desirable to eliminate duplicative discovery and avoid inconsistent pretrial rulings. *In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).

B. **The Panel Should Transfer the Related Actions to the Western District of Missouri.**

"Selection of the transferee district is essentially a balancing test based on the nuances of a particular litigation." Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977). The Panel, therefore, considers several factors when choosing a transferee district, such as the relative backlog of a court's civil docket and the geographical centrality of courts in cases with a national scope.

Where there are multiple appropriate districts to transfer and consolidate related cases, the district with a lighter docket is preferable. *See, e.g., In re Elec. Carbon Products Antitrust Litigation*, 259 F. Supp. 2d 1374 (J.P.M.L. 2003); *In re Elec. Carbon Products Antitrust Litigation*, 259 F. Supp. 2d 1374 (J.P.M.L. 2003); *In re Gator Corp. Software Trademark & Copyright Litigation*, 259 F. Supp. 2d 1378 (J.P.M.L. 2003). For example, *In re Eastern Airlines*, the Panel

3

noted that either the District of Massachusetts or the Eastern District of Verginia could be described as an appropriate transferee forum for litigation regarding alleged discrimination for weight requirements imposed on female flight attendants by Eastern Airlines. *In re E. Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975). The Panel selected the Eastern District of Virginia "because that district has a significantly lighter civil action docket than the District of Massachusetts and, therefore, is in the best position to expeditiously process this particular litigation." *Id*.

Here, as the *Wright* and *Walker* Plaintiffs established (Doc. 17), the Western District of Missouri has multiple experienced judges with lighter caseloads well-suited to preside over a consolidation of the related cases. Average caseloads in the Western District of Missouri are approximately 12.5% of the caseloads of judges in the District of New Jersey, where the *Barton* plaintiffs suggest these cases be transferred. This disparity is due, at least in part, to the lack of judicial vacancies in the Western District of Missouri. In turn, judges in the Western District of Missouri resolve cases faster than their peers in more backlogged districts. (*See* Doc. 17). Judge Bough in particular—to whom the *Wright* case has been assigned—has significant MDL experience[3] and a track record of more rapidly ruling on motions to dismiss and motions for summary judgment than his peers.

Furthermore, because this case has a national scope, geographical centrality is an important factor. *In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Prod. Liab. Litig.*, 406 F. Supp. 540, 543

---

[3] Judge Bough's experience is also a factor that favors transfer to the Western District of Missouri and him in particular, as prior MDL experience is a heavily weighted factor when assigning a transferee judge. *See, e.g., In re Elec. Carbon Products Antitrust Litigation*, 259 F. Supp. 2d 1374 (J.P.M.L. 2003); *In re Elec. Carbon Products Antitrust Litigation*, 259 F. Supp. 2d 1374 (J.P.M.L. 2003); *In re Gator Corp. Software Trademark & Copyright Litigation*, 259 F. Supp. 2d 1378 (J.P.M.L. 2003).

(J.P.M.L. 1975) ("since this litigation is nationwide, the geographically central location of Kansas is another factor."). Here, no single state is the epicenter of injury. Phenylephrine is ubiquitous in orally ingested cold medicines nationwide. Likewise, the defendants are scattered across the county, from sea to shining sea. The geographically centralized location of the Western District of Missouir makes it ideal for efficiently resolving the common pre-trial issues presented by the related cases.

Other factors considered by the Panel in choosing a transferee district do not favor any one location, underscoring that the factors favoring selection of the Western District of Missouri should guide the Panel's decision on its choice of a transferee district. One such factor is the location of a majority of the relevant documents and witnesses. *In re Caesar's Palace Securities Litigation*, 385 F.Supp. 1256, 1258 (J.P.M.L.1974). This factor carries greater relevance in distinguishable cases involving a single defendant, such as *In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1355 (J.P.M.L.2018). In *Uber*, transfer to the Central District of California was proper because the *sole* defendant had "its headquarters in [California], where much of the common evidence, including witnesses, [were] located." Here, in contrast, the evidence and witnesses are not centralized in one district. There are multiple defendants headquartered or incorporated in at least nine different states in different geographical regions of the United States. The defendants, witnesses, and documents are spread across the entire country. In cases involving issues that affect the entire country, *geographical* centrality becomes highly important when considering which district will "promote the just and efficient" administration of the case.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Panel consolidate, for pretrial purposes, all the Oral Phenylephrine Marketing and Sales Practices LIigation Actions and

5

transfer all related actions and subsequently filed tag-along cases to the United States District Court for the Western District of Missouri.

Dated: November 20, 2023

                      Respectfully Submitted,
                      SWMW LAW, LLC

                      By:   */s/ Benjamin S. McIntosh*
                      Benjamin R. Schmickle, MO Bar #57064
                      Sophie A. Zavaglia, MO Bar #66348
                      Benjamin S. McIntosh, MO Bar #68248
                      ben@swmwlaw.com
                      sophie@swmwlaw.com
                      ben.mcintosh@swmwlaw.com
                      Attorneys for Plaintiff
                      701 Market Street, Suite 1000
                      St. Louis, MO 63101
                      (314) 480-5180
                      (314) 932-1566 – Facsimile

**PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing were served on all parties in the following cases electronically via ECF, or as indicated below, on November 20, 2023.

**Heaghney v. Johnson & Johnson Consumer Inc. et al., ED Missouri No. 4:23-cv-01342-PLC**

**Means v. Johnson & Johnson Consumer Inc. et al., SD Illinois No. 3:23-cv-03494-MAB**

*/s/ Benjamin S. McIntosh*